MATTER OF MONCAYO

In Visa Petition Proceedings

A-19531235

*Decided by Board October 26, 1973*

Since beneficiary was not physically present within the jurisdiction of the Ecuadorian court which rendered the divorce decree dissolving his prior marriage, there was no personal service of process upon the spouse and she did not appear or otherwise submit to the jurisdiction of the Ecuadorian court, the divorce is not recognized as valid in the State of New York where his subsequent marriage to petitioner was contracted; therefore, his subsequent marriage to the U.S. citizen petitioner is not recognized as valid for the purpose of conferring upon him immediate relative status.

ON BEHALF OF PETITIONER: Bertrand D. Gerber, Esquire
119 West 57th Street
New York, New York 10019

The United States citizen petitioner applied for immediate relative status for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act. The District Director, in an order dated October 10, 1972, denied the petitioner's application on the ground that a prior marriage of the beneficiary was never legally terminated. The petitioner has appealed from that denial. The appeal will be dismissed.

The beneficiary is a native and citizen of Ecuador. The petitioner married the beneficiary on June 20, 1970 in New York. Pursuant to 8 CFR 204.2(c)(2), the petitioner submitted a decree of divorce rendered by an Ecuadorian court, dated March 16, 1970, as proof of the legal termination of the beneficiary's previous marriage.

The District Director refused to accept that decree as establishing the legal termination of the prior marriage, on the ground that neither the beneficiary nor his wife was personally present at the divorce hearing. The visa petition indicates that the beneficiary has not been outside the United States since April 20, 1967. The divorce decree states that his wife was served by publication, her whereabouts being unknown, and that she did not appear at the hearing.

Usually, the validity of a marriage is governed by the law of the place where the marriage was celebrated. *Matter of P—*, 4 I. & N. Dec. 610 (A.G. 1952); *Matter of Levine*, 13 I. & N. Dec. 244 (BIA 1969). Therefore, the beneficiary's present marriage is valid only if his Ecuadorian divorce is recognized by New York, where his marriage to the petitioner took place.

Since the full faith and credit clause of the Constitution does not apply to judgments rendered by courts of foreign countries, the question of recognition is solely one of comity. New York courts have held that divorce decrees rendered in foreign countries are entitled to recognition and effect in New York only when such recognition is consistent with that state's public policy. *Gould* v. *Gould*, 235 N.Y. 14, 138 N.E. 490 (1923); *Rosenbaum* v. *Rosenbaum*, 309 N.Y. 371, 130 N.E.2d 902 (1955).

The leading New York case on the recognition of foreign divorce decrees is *Rosenstiel* v. *Rosenstiel*, 16 N.Y.2d 64, 209 N.E.2d 709, 262 N.Y.S.2d 86 (1965), cert. denied 384 U.S. 971 (1966), which dealt with a bilateral Mexican divorce based on ephemeral contact with Mexico. In that case the court summarized New York law as follows:

> In cases where a divorce has been obtained without any personal contact with the jurisdiction by either party or by physical submission to the jurisdiction by one, with no personal service of process within the foreign jurisdiction upon, and no appearance or submission by, the other, decision has been against the validity of the foreign decree (*Caldwell* v. *Caldwell*, 298 N.Y. 146 [1948]; *Rosenbaum* v. *Rosenbaum*, 309 N.Y. 371 [1955]). [1]

A fact situation somewhat analagous to the one before us now was considered in *De Pena* v. *De Pena*, 31 App. Div. 2d 415, 298 N.Y.S.2d 188 (1969). That case involved two nationals and citizens of the Dominican Republic who were married in the Dominican consulate in New York. The husband obtained a divorce from a court in the Dominican Republic. Neither party ever left the United States and the wife was not personally served and did not appear in the action. The court noted that except for the husband's continued Dominican citizenship, "he does not claim any present contacts with that country and he did not even personally return there to prosecute the divorce proceedings."[2] The court held that the policy of New York required that the Dominican decree not be given recognition.

In the present case, the record indicates that the beneficiary was not physically present within the jurisdiction of the Ecuadorian court. There was no personal service of process upon his wife

---

[1] 16 N.Y.2d at 72.
[2] 31 App. Div. 2d 419.

and she did not appear or otherwise submit to the jurisdiction of the Ecuadorian court. In light of the statements of New York policy contained in *Rosenstiel* and *De Pena*, we find that New York would not recognize the Ecuadorian decree.

In visa petition proceedings, the burden of proof to establish eligibility for the benfit conferred by the immigration laws rests upon the petitioner. *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966). In the present case, the petitioner has failed to show that a prior marriage of the beneficiary was legally terminated. Therefore, the petitioner has failed to establish that her marriage to the beneficiary is valid under New York law. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.