## MATTER OF VALERIO

### In Visa Petition Proceedings

### A-20800337

### Decided by Board January 21, 1976

(1) Under Article 17, Law 1306–bis, Civil Code of the Dominican Republic a divorce judgment will not become final unless the spouse who obtained the judgment appears personally before the Official of the Civil Registry within two months of the date of the judgment to have the divorce "declared" or pronounced, and the judgment registered.

(2) Alien beneficiary obtained a divorce in the Dominican Republic July 20, 1970, married the U.S. citizen petitioner on December 18, 1973, and had the previous divorce judgment "declared" or pronounced in the Dominican Republic on May 7, 1974. Thus divorce is not valid for immigration purposes because it was not "declared" or pronounced until after the marriage on which the visa petition is based took place, and because it was not pronounced within the two month period as required by Dominican law. Since the beneficiary's prior marriage was never legally terminated, the visa petition filed to classify the beneficiary as the immediate relative spouse of United States citizen under section 201(b) of the Immigration and Nationality Act, was properly denied.

ON BEHALF OF PETITIONER:
Richard Dana, Esquire
100 West 72nd Street
New York, New York 10023
Counsel of record:
Claude Henry Kleefield, Esquire

ON BEHALF OF SERVICE:
Paul C. Vincent, Esquire
Appellate Trial Attorney

The United States citizen petitioner applied for immediate relative status for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act. The district director denied the petition on the ground that a prior marriage of the beneficiary was never legally terminated. The petitioner has appealed from that denial. The appeal will be dismissed.

The petitioner submitted a certified copy of a decree of divorce, rendered on July 20, 1970 in the Dominican Republic, to show dissolution of the beneficiary's prior marriage. The copy of the decree presented indicates that it was not "declared" or pronounced by an official of the Civil Registry until almost four years later, on May 7, 1974. The claimed marriage of the petitioner to the beneficiary took place in the interim, on December 18, 1973. The district director ruled that the

petitioner's application should be denied because he was of the opinion that the beneficiary's divorce was not final at the time he contracted his marriage to the petitioner, and that, therefore, the marriage was not valid for immigration purposes.

A memorandum of law prepared by the Library of Congress, dated January 1973, concerning the validity of a divorce in the Dominican Republic provides in pertinent part that:

> A divorce decree issued by a court of law of the Dominican Republic does not suffice *per se* to dissolve the marriage bonds. This is accomplished by a "declaration" or pronouncement by the Official of the Civil Registry that must be made together with the registration in that office of the divorce decree issued by the court. [See Article 17, Law 1306-bis, Civil Code of the Dominican Republic.] [1]

The report also indicates that Article 19 of the Dominican divorce law provides that in divorce actions, other than mutual consent divorce cases, pronouncement of the decree must occur within the period of two months of the issuance of the decree or the plaintiff loses the benefits of the decree. [2]

We conclude, therefore, that the belated pronouncement of the beneficiary's divorce decree is insufficient, not only because it came subsequent to the marriage ceremony upon which the present petitioner relies, but because it also was not within the prescribed two-month period. Consequently, we hold that the beneficiary's prior marriage was not dissolved as a result of the decree rendered on July 20, 1970. Hence, the beneficiary was not free to marry the petitioner on December 18, 1973.

The decision of the district director was correct. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

---

[1] Article 17, Law 1306-bis, Civil Code of the Dominican Republic provides that:

The spouse who obtained a divorce judgment issued by a court of last instance of a judgment which has become final, except if an appeal on cassation which suspends the effects of the judgment has been filed, is under the obligation to appear in person before the Official of the Civil Registry, within two months, in order to have the divorce pronounced and the judgment registered in the Office of the Civil Registry, provided the other party is summoned by the bailiff in order that he (she) may appear before the Official of the Civil Registry to hear the pronouncement of the divorce.

[2] Article 19, Law 1306-bis, Civil Code of the Dominican Republic provides that:

The plaintiff who fails to act within two months shall lose the benefits granted to him by the judgment thus obtained, and he shall not be able to obtain a new judgment, unless his petition is based on new grounds. The previously alleged grounds may be added to the new ones.