MATTER OF LI GANOZA

In Visa Petition Proceedings

A-21773131

*Decided by Board March 2, 1976*

Since Mexican divorce decrees are not recognized in the State of New York unless the petitioning spouse has appeared in person and the answering spouse in person or by attorney, and petitioner, a resident of New York, has stated under oath that he personally appeared in court in Mexico and initiated divorce proceedings against his first wife, the case, on appeal in visa petition proceedings, is remanded so that petitioner may offer additional corroborative evidence to establish compliance with the personal appearance requirement; so that the Mexican decree may be incorporated into the record file; and so that all letters which pertain to this case may be located and similarly incorporated, a new decision thereafter to be entered by the district director and appropriately served on interested parties.

ON BEHALF OF PETITIONER:
Stephen Singer, Esquire
Barst & Mukamal.
127 John Street
New York, New York 10038

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

The United States citizen petitioner applied for immediate relative status for the beneficiary as his spouse under section 201(b) of the Immigration and Nationality Act. In a decision dated September 9, 1975, the district director denied the petition. The petitioner has appealed. The record will be remanded to the district director.

The petitioner, a New York resident, has filed a visa petition on behalf of his second wife. The issue on appeal is whether the petitioner's Mexican divorce from his first wife was validly obtained.

In New York, Mexican decrees are not recognized unless the petitioning spouse has appeared in person and the answering spouse in person or by attorney. *Rosenstiel* v. *Rosenstiel*, 262 N.Y.S.2d 86, 209 N.E.2d 709 (1965).

The petitioner has stated under oath that he personally appeared in the Second Civil Court of Chihuahua, Mexico and initiated divorce proceedings on January 25, 1966. We have concluded that additional corroborative evidence is required, however, to establish compliance with the personal appearance requirement of *Rosenstiel*.

We shall remand the record so that (1) the petitioner may offer such evidence and (2) the Mexican decree which the petitioner apparently submitted to the district director may be incorporated into the record file and (3) all letters which pertain to this case may be located and similarly incorporated.

We note in passing that the answering spouse's appearance in this divorce action satisfies the *Rosenstiel* requirement. The record contains a power of attorney executed by the spouse approximately eighteen months after the final judgement of divorce was rendered in Mexico. She thereby authorized a Mexican attorney, Amadeo Saroldi, to make a belated appearance for her in the Chihuahua action and to state that she "agrees expressly with said judgement and that she waives her right of appeal of said judgement."

Mr. Saroldi duly made the appearance and on August 25, 1967, the Mexican court appended to its January 28, 1966 judgement a decision accepting the defendant's appearance and submission.

In a parallel factual situation, the New York Court of Appeals held that although the plantiff's Mexican divorce judgement was defective under New York law when rendered, it qualified for recognition as of the date of the defendant's submission to the Court and her consent to the decree. *Ramm* v. *Ramm*, 522 N.Y.S.2d 726, 271 N.E.2d 558 (1971). See also, *Hytell* v. *Hytell*, 254 N.Y.S.2d 851 (Sup. Ct., Special Term) (1964).

We shall remand the record for the reasons indicated. Before returning the record to the Board, the district director should enter a new decision, stating his reasons, and make appropriate service on the interested parties in accordance with *Matter of To*, 14 I. & N. Dec. 679 (BIA 1974).

**ORDER:** The record is remanded.