## MATTER OF GONZALEZ

### In Visa Petition Proceedings

#### A–20830191

*Decided by Board April 13, 1977*

(1) Beneficiary was granted a divorce in the Dominican Republic on March 5, 1975, which was not pronounced and registered by the Office of the Civil Registry until May 14, 1975, or more than two months following the decree. On March 29, 1976, beneficiary married petitioner in Brooklyn, New York. The District Director denied the immediate relative visa petition based on that marriage on the grounds that the marriage took place before the beneficiary's divorce became final, and because the divorce was not pronounced within two months of the date on which it was granted as required by Article 17, Law 1306–bis, Civil Code of the Dominican Republic.

(2) Article 17, Law 1306–bis, of the Civil Code of the Dominican Republic is ambiguous about whether an appearance at the Office of the Civil Registry within the two-month period will suffice, if the pronouncement and registry occur beyond the two-month period. Strictly construed the words of Article 17 only require an appearance.

(3) In order to comply with the requirements of Article 17, Law 1306–bis, all that is required is that the spouse who obtains a divorce judgment appear before the Office of the Civil Registry within two months for the purpose of having his divorce pronounced and registered. *Matter of Tagle*, Interim Decision 2476 (BIA 1976) and *Matter of Valerio*, Interim Decision 2489 (BIA 1976), distinguished.

(4) The March 26, 1975, marriage was invalid. The proceeding will be remanded to allow the beneficiary to present evidence that he did make an appearance before the Official of the Civil Registry within the two-month period, and for the District Director to verify the subsequent April 9, 1976, marriage of beneficiary and petitioner.

ON BEHALF OF PETITIONER:   Irving Novick, Representative
Immigrants Technical Aid Bureau
36 West 44th Street
New York, New York 10036

BY: Milhollan, Chairman; Wilson, Maniatis, and Appleman, Board Members

The United States citizen petitioner filed a visa petition to classify her spouse as an immediate relative under section 201(b) of the Immigration and Nationality Act. In a decision dated April 16, 1976, the District Director denied the petition on two grounds: first, the marriage took place before the beneficiary's Dominican divorce from his former wife became final; secondly, because the divorce was not pronounced within two months of the date on which it was granted, and therefore was

invalid. The petitioner has app ealed. The record will be remanded to the District Director.

The Dominican beneficiary was the plaintiff in a Dominican suit for divorce on grounds of incompatibility. He was granted a favorable judgment on March 5, 1975. The decree was pronounced and registered un May 14, 1975, by the Office of the Civil Registry. Notice of the divorce was published in the local newspaper on May 24, 1975.

The District Director took the position that the divorce was invalid because it was pronounced and registered more than two months after the issuance of the decree. The District Director based his decision on *Matter of Tagle*, Interim Decision 2476 (BIA 1976). In *Tagle*, which involved a mutual consent divorce, we stated that Article 17, Law 1306–bis, Civil Code of the Dominican Republic, provides that the divorce decree must be pronounced within two months.

Counsel for the petitioner argues that we have interpreted Article 17 incorrectly. He states that Article 17 merely requires that the spouse who obtains a divorce judgm ent *appear* before the Office of the Civil Registry within two months for the purpose of having his divorce pronounced and registered. Counsel states that the fact that the actual pronouncement and registry occur after two months is irrelevant.

Article 17, as translated by the Library of Congress, provides, in pertinent part:

> The spouse who obtained a divorce judgment . . . is under the obligation to appear in person before the Official of the Civil Registry, within two months, in order to have the divorce pronounced and the judgment registered in the Office of the Civil Registry, provided the other party is summoned by the bailiff in order that he (she) may appear before the Official of the Civil Registry to hear the pronouncement of the divorce.

Obviously, Article 17 is ambiguous about whether an appearance within the two months will suffice if the actual pronouncement and registry occur beyond the two-month period. Strictly construed, the words of Article 17 only require an appearance. In *Tagle* and in *Matter of Valerio*, Interim Decision 2489 (BIA 1976), we assumed that the words of Article 17 implied that the pronouncement and registry must also occur within two months. However, this point was not at issue in either of those cases and our statements that the decree must be *pronounced* within the two months were dicta.

Since there is no reason for us to read into this Dominican statute a requirement which does not appear on its face, we will accept counsel's interpretation of it.

We will remand the record to allow the beneficiary an opportunity to present evidence that he did make his appearance before the Official of the Civil Registry within the two-month period.

Assuming that he did make a timely appearance, the Dominican divorce was valid and became final on May 14, 1975. However, the

marriage between the petitioner and the beneficiary took place in Brooklyn, New York, on March 26, 1975, and thus was technically invalid.

Counsel states that the petitioner and the beneficiary, upon learning that the visa petition would be disapproved for this reason, immediately obtained a new marriage license and were married anew on April 9, 1976, in Brooklyn. The District Director can verify that upon remand.

**ORDER:** The record is remanded for further proceedings consistent with this opinion and for the entry of a new decision.