MATTER OF LUCERO

In Visa Petition Proceedings

A–21710727

*Decided by Board February 7, 1979*

(1) In a Dominican divorce action for cause, appearance and pronouncement occur simultaneously. *Matter of Gonzalez*, Interim Decision 2575 (BIA 1975), overruled in part.

(2) In a Dominican divorce action for cause, the plaintiff must appear at an office of the Civil Registry within two months of the divorce in order to have the divorce pronounced. Once this action is completed, the divorce is final under Dominican law. *Matter of Valerio*, Interim Decision 2489 (BIA 1976); *Matter of Tagle*, Interim Decision 2476 (BIA 1976), reaffirmed.

(3) In a Dominican divorce by mutual consent, neither personal appearance nor pronouncement within two months are necessary to finalize the divorce.

(4) Where the record was unclear whether the Dominican divorce terminating the petitioner's prior marriage was for cause, or by mutual consent, and it was unclear whether the formalities had been complied with, the record was remanded for further proceedings.

ON BEHALF OF PETITIONER: Dr. Alfred Raymond Rego
Representative
652 Hope Street
Bristol, Rhode Island 02809

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The United States citizen petitioner has applied for immediate relative status for the beneficiary as her husband under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). In a decision dated April 27, 1978, the District Director denied the petition on the ground that the petitioner was not free to marry the beneficiary because she had previously entered into an undissolved marriage. The petitioner appeals from this decision. The record will be remanded.

The petitioner is a 39-year-old native of the Dominican Republic and a naturalized citizen of the United States. The beneficiary is a 31-year-old native and citizen of Peru. The parties were married on March 13, 1975, at New York City.

The District Director based his decision on several factors. He found that the petitioner had been divorced on February 6, 1967, in the Dominican Republic, in a divorce action for cause. He also found that

the divorce had not been pronounced until May 10, 1968, approximately 15 months afterward. Citing *Matter of Valerio,* Interim Decision 2489 (BIA 1976), he concluded that the provisions of Article 17 of the Civil Code of the Dominican Republic had not been met. This article includes the requirement that in a divorce for cause, the plaintiff must appear at an office of the Civil Registry to have the divorce pronounced and judgment registered, and that all this must take place within two months of the date of the judgment. The District Director found that the petitioner's first husband did not register the divorce within two months and that this rendered the divorce invalid. The petitioner was consequently not free to marry the present beneficiary.

Before we begin our discussion of the merits of this case, there are several issues that need to be clarified. In his decision, the District Director relied upon *Matter of Valerio, id.* What was not mentioned in his decision was the fact that in a later case this Board characterized *Valerio* and *Matter of Tagle,* Interim Decision 2476 (BIA 1976) as dicta on the issue of pronouncement of divorces. *Matter of Gonzalez,* Interim Decision 2575 (BIA 1977). We have concluded that this characterization of the holdings of both cases was inaccurate. We have also concluded that the interpretation of Dominican law set forth in *Valerio, supra,* was correct, and that the appearance/pronouncement dichotomy established in *Gonzalez, supra,* was incorrect. We therefore recede from the holding in *Gonzalez, id.,* to the extent that it concerns appearance and pronouncement of Dominican divorces involving divorce actions for cause, and reaffirm *Valerio* and *Tagle, supra.*

Turning to the case at hand, it is clear therefore that the District Director applied the correct interpretation of law for divorces for cause. If there were a divorce for cause, then, we would have no quarrel with the end result. This, however, may *not* be a divorce for cause; it may be a divorce based upon mutual consent. The translation of the divorce document considered by the District Director is almost incomprehensible and the petitioner should have been required to provide a more intelligible translation at the outset. But this problem aside, it is possible that the terminology used in that translation was inaccurate. We have reached this conclusion after referring to the translation of the divorce offered on appeal. This translation is considerably more lucid; but more importantly, it indicates that the divorce may have been by mutual consent under the provisions of Law 1306-bis On Divorce, specifically Chapter IV, Articles 26 through 32. This result is also apparently indicated by the terminology used in the pronouncement document. If this is the case, the requirements for a mutual consent divorce, not a divorce for cause, are at issue here. If they have been met, then the divorce was valid under Dominican law.

In cases in which we have previously discussed this issue, we have

held that the two-month pronouncement requirement was not applicable to mutual consent divorces. Chapter *IV*, cited above, makes no provision for a penalty for failure to have a divorce pronounced in such cases. In fact, personal appearance for pronouncement is not necessary in mutual consent divorces. *Matter of Tagle, supra; Matter of Guzman*, Interim Decision 2484 (BIA 1976). We have thus accepted an interpretation which holds that in a mutual consent divorce, which has met the other statutory requirements of Dominican law, and which would be recognized in the marrage jurisdiction, failure to pronounce the divorce will not cause it to be considered invalid.[1]

In this instance, therefore, because the District Director may not have had an adequate opportunity to consider the possibility that this was a mutual consent divorce, we will remand the record to him, including the translation which was offered on appeal. After this new information is considered, a new decision should be entered in the case.

**ORDER:** The record is remanded to the District Director for further proceedings consistent with the foregoing opinion and the entry of a new decision.

**FURTHER ORDER:** Should a decision be adverse to the petitioner, an appropriate order shall be entered and the record shall be certified to us for review.

---

[1] This interpretation coincides with the views expressed in Forscher, *Haitian Dominican Laws On Divorce Evaluated*, New York Law Journal, October 20, 1971, Volume 166, and by the State Department's Visa Office in its Operations Memorandum, January 29, 1975, to the United States Embassy, Santo Domingo.