MATTER OF HANN

In Visa Petition Proceedings

A-21504220

*Decided by Board May 19, 1981*

(1) Under Article 18, Law 1306-bis, Civil Code of the Dominican Republic, the 2-month time period within which divorces for cause must be pronounced and registered in the office of the Civil Registry does not begin to run until after the 2-month time allowed for appeal from the judgment has expired. *Matter of Valerio,* 15 I&N Dec. 659 (BIA 1976); *Matter of Gonzalez* 16 I&N Dec. 178 (BIA 1977); and *Matter of Lucero,* 16 I&N Dec. 674 (BIA 1979), modified.

(2) The record is remanded for resolution of the following issues: a) whether Dominican law allows nonresidents to obtain divorces for cause in the Dominican Republic; b) whether Article 17, Law 1306-bis, Civil Code of the Dominican Republic, requires the party who obtains a divorce for cause to appear "in person" before an official of the Civil Registry to have the divorce pronounced and registered; and c) whether Japan, the country of the petitioner's residence at the time of his divorce and the place of celebration of his marriage to the beneficiary, would recognize his Dominican divorce.

ON BEHALF OF PETITIONER: Gene C. Lange, Esquire
Ragan & Mason
The Farragut Building
900 Seventeenth Street, N.W.
Washington, D.C. 20006

BY: Milhollan, Chairman; Maniatis, and Maguire, Board Members

In a decision dated March 27, 1981, the Officer-in-Charge, Hong Kong, on his own motion reversed his prior decision dated May 5, 1980, and approved a visa petition filed to accord the beneficiary immediate relative status as the spouse of a United States citizen under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). The case was certified to the Board for a decision. The record will be remanded to the Officer-in-Charge for further proceedings.

The petitioner is an 80-year-old native and citizen of the United States, currently residing in Japan. The beneficiary is a 58-year-old native and citizen of Japan. The petitioner married the beneficiary in Japan on January 25, 1980. That same day he filed a visa petition in her behalf. In support of his petition, the petitioner submitted a copy of a divorce judgment entered on December 7, 1979, at San Cristobal, Dominican

Republic, purporting to dissolve the petitioner's prior marriage to Ellen Jane Hann on the ground of incompatibility of character. The divorce was pronounced by an official of the Civil Registry on February 9, 1980.

In a decision dated May 5, 1980, the Officer-in-Charge concluded that the petitioner's prior marriage was not legally terminated and, therefore, that his present marriage was invalid for immigration purposes. The Officer-in-Charge found the divorce defective because there was no evidence to indicate that Ellen Jane Hann was represented at the divorce proceedings, that the petitioner personally appeared before the official of the Civil Registry to have the divorce "pronounced", or that the appearance and pronouncement were made within 2 months of issuance of the divorce judgment.

The petitioner did not appeal, but instead submitted a letter from Attorney Manuel G. Espinosa, with attachments, indicating that Mr. Hann did not have to appear personally before the official of the Civil Registry but that he could be represented by counsel. Mr. Espinosa also indicated that the 2-month time limit for appearance before the Civil Registry for pronouncement of the divorce does not begin to run until after the time for appeal has passed. The Officer-in-Charge requested an opinion from the Library of Congress. In a response dated March 12, 1981, the Assistant to the Chief, Hispanic Law Division, Library of Congress, in essence agreed with the petitioner. He noted that Article 17 of the Civil Code of the Dominican Republic, Law 1306-bis (1937), as amended, requires that a divorce judgment for cause be pronounced by an official of the Civil Registry within 2 months. However, he stated that under Article 18, the 2-month term for pronouncement of the divorce does not begin to run until after the expiration of the term allowed for appeal. He also noted that Articles 64 and 65 of the Law on Acts of Civil Status (G.O. No. 6114) provide additional support for this conclusion.[1] He further stated that under Article 16, the term for an appeal is 2 months. Thus, the Hispanic Law Division, Library of Congress, concluded that as the divorce judgment was rendered on December 7, 1979, the time for appeal did not expire until February 7, 1980, and as the divorce in this case was pronounced on February 9, 1980, that the pronouncement was rendered within the 2 months, and that the divorce was valid.

---

[1] According to a translation provided by the Library of Congress, Articles 64 and 65 provide:

Article 64.

In the divorce registry, which is constituted by folios with printed forms, there shall be registered the act of pronouncement of divorce pursuant to the provisions of Article 17 of Law 1306-bis of June 12, 1937 [sic], under which the spouse who obtained a divorce judgment issued in last instance or which has become final—except if an appeal on cassation has been filed against it—is under the obligation to appear

The Library of Congress also indicated that under Article 15 of the Civil Code, divorce proceedings filed on a given cause are considered "contentious" proceedings, not *ex parte* proceedings and that they are valid even if the defendant fails to appear in court when properly summoned, as happened in this case.

In view of the Library of Congress' opinion, and particularly the statutes cited, we agree with the Officer-in-Charge that the pronouncement of the divorce in this case was within the statutory time frame although it occurred more than 2 months after the judgment was rendered. We find that the 2-month period for pronouncement of a divorce for cause under Dominican law begins to run subsequent to the expiration of the time for appeal. This finding conflicts with our prior statements to the effect that the pronouncement must occur within 2 months of the date the judgment is rendered. *Matter of Valerio*, 15 I&N Dec. 659 (BIA 1976); *Matter of Gonzalez*, 16 I&N Dec. 178 (BIA 1977); *Matter of Lucero*, 16 I&N Dec. 674 (BIA 1979). These cases are hereby modified insofar as inconsistent with this opinion.

Notwithstanding that the petitioner has prevailed on the question of the time within which pronouncement of a divorce must be made, the record will be remanded because several critical questions remain unanswered. First, the record does not reflect that Dominican law allows nonresidents to obtain divorces for cause. We note that the judgment of divorce in this case reflects that the petitioner was at the time of the divorce a resident of Japan temporarily residing in the Dominican Republic and that Ellen Jane Hann was then residing in Garden Grove, California, and that she did not appear. The opinion from the Library of Congress reflects that Dominican law provides for two kinds of divorce proceedings: one for divorces filed before the court on specific grounds which are governed by Articles 3 through 20 of the Civil Code; and the second is for mutual consent divorces which are governed by Articles 26 through 33. We are aware that Article 28 provides that foreigners who are in the country, even though they are nonresidents, may obtain a divorce judgment on grounds of mutual consent under certain circum-

within two months before the Official of the Civil Registry to have the divorce pronounced and the judgment registered in the Registry of Civil Status, provided the other party is summoned by the bailiff to appear before the official of the Civil Registry to hear the pronouncement of the divorce . . . .

Article 65.

For the purposes of the preceding article, the provisions of Article 18 of Law 1306-bis already cited, shall be taken into consideration, pursuant to which "the term of two months referred to in the previous article shall not start until after the expiration of the term to appeal in those cases where the divorce decree has been issued by the court of first instance; with regard to those decrees [of divorce] issued by default of appearance of appellant in appeal proceedings, the term shall be counted after the expiration of the term to oppose the appeal."

stances. However, we are not aware of a corresponding authorization which permits the granting of divorces for cause to nonresidents. Upon remand, the petitioner should submit evidence to establish that such divorces are permitted under Dominican law. *See Matter of Annang*, 14 I&N Dec. 502 (BIA 1973).

A second question in need of resolution involves the requirement for "pronouncement" of divorce judgments rendered for cause. We have said that a divorce for cause rendered in the Dominican Republic will not be valid unless the spouse who obtained the judgment appears personally before an official of the Civil Registry to have that judgment pronounced. *Matter of Valerio, supra; Matter of Gonzalez, supra; Matter of Lucero, supra*. The basis for this statement was a translation of Article 17 of Law 1306-bis provided by the Library of Congress. According to that translation, Article17 provides:

> The spouse who obtained a divorce judgment issued by a court of last instance of a judgment which has become final, except if an appeal on cassation which suspends the effects of the judgment has been filed, is under the obligation to appear *in person* before the Official of the Civil Registry, within two months, in order to have the divorce pronounced and the judgment registered in the office of the Civil Registry, provided the other party is summoned by the bailiff in order that he (she) may appear before the Official of the Civil Registry to hear the pronouncement of the divorce. (Emphasis added.)

*See Matter of Valerio, supra,* n 1.

We note that the record in this case contains another translation of Article 17, also provided by the Library of Congress, which differs from the previous translation in that the words "in person", underscored above, are omitted. Upon remand, the question of whether the spouse who obtains a divorce for cause must appear "in person" should be thoroughly explored, and the matter of the conflicting translations of Article 17 should be resolved.[2]

Finally, assuming the petitioner's divorce is valid under Dominican law, the remaining question is whether it would be recognized by Japan, the country of the petitioner's residence at the time of his divorce and the place of celebration of his marriage to the beneficiary. *Matter of Weaver*, 16 I&N Dec. 730 (BIA 1979).[3]

---

[2] We are aware that this record also contains a statement in which Gustavo Bastita Espinosa, proported Civil State Officer of the Municipal District of Lowe Haina, Dominican Republic, states that Article 17 of Law No. 1306-bis does not require that the petitioner appear in person, but that either the petitioner or his lawyer may appear to have the divorce pronounced.

[3] We are aware that the facts of this case differ from those in Weaver in that here one of the spouses resided in Japan and the other resided in California at the time of the divorce, while both spouses in *Weaver* resided in the Bahamas at the time of their divorce. However, inasmuch as the petitioner here was the moving party in this divorce and his spouse did not participate in the proceedings, we think it appropriate that the validity of his divorce (and marriage) be judged by the law of his residence, Japan.

Accordingly, the record will be remanded.

**ORDER.** The record is remanded to the Officer-in-Charge for further proceedings consistent with the foregoing opinion and entry of a new decision.