MATTER OF HANN

In Visa Petition Proceedings

A-21504220

*Decided by Board February 3, 1982*

(1) The law of the Dominican Republic does not preclude a nonresident from obtaining a divorce for cause in the Dominican Republic.

(2) Article 17 of the Law on Divorce 1306-bis, Civil Code of the Dominican Republic, does not require the party who obtains a divorce for cause to appear "in person" to have the divorce pronounced and registered. *Matter of Valerio*, 15 I&N Dec. 659 (BIA 1976); *Matter of Gonzalez*, 16 I&N Dec. 178 (BIA 1977); and *Matter of Lucero*, 16 I&N Dec. 674 (BIA 1979), modified.

(3) The visa petition was properly denied on the ground that the petitioner's marriage to the beneficiary is invalid, *i.e.*, at the time it was entered into, the petitioner's divorce had not yet become final and he was not free to contract another marriage.

ON BEHALF OF PETITIONER: George C. Lange, Esquire
Ragan & Mason
The Farragut Building
900 Seventeenth Street, N.W.
Washington, D.C. 20006

BY: Milhollan, Chairman; Maniatis, Maguire, Morris, and Vacca, Board Members

In a decision dated March 27, 1981, the Officer-in-Charge, Hong Kong, on his own motion reversed his prior decision dated May 5, 1980, and approved a visa petition filed to accord the beneficiary immediate relative status as the spouse of a United States citizen under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). The Officer-in-Charge certified his decision to the Board for review. In an order dated May 19, 1981, we remanded the case to the Officer-in-Charge for further proceedings. On September 23, 1981, the Officer-in-Charge entered a new decision denying the petition and certified it to the Board for review. This latest decision of the Officer-in-Charge will be affirmed.

The petitioner is an 80-year-old native and citizen of the United States, currently residing in Japan. The beneficiary is a 58-year-old native and citizen of Japan. The petitioner married the beneficiary in Japan on January 25, 1980. That same day he filed a visa petition in her behalf. In support of his petition, the petitioner submitted a copy of a divorce

judgment entered on December 7, 1979, at San Cristobal, Dominican Republic, purporting to dissolve the petitioner's prior marriage to Ellen Jane Hann on the ground of incompatibility of character. The divorce was pronounced by an official of the Civil Registry on February 9, 1980.

In our prior order in this case, *Matter of Hann,* 18 I&N Dec. 59 (BIA 1981), we remanded the case to the Officer-in-Charge for resolution of three issues:

(1) Whether Dominican law allows nonresidents to obtain divorces for cause in the Dominican Republic;

(2) Whether Article 17, Law 1306-bis, Civil Code of the Dominican Republic, requires the party who obtains a divorce for cause to apppear "in person" before an official of the Civil Registry to have the divorce pronounced and registered; and

(3) Whether Japan, the country of the petitioner's residence at the time of his divorce and the place of celebration of his marriage to the beneficiary, would recognize his Dominican divorce.

In addressing these issues, the Officer-in-Charge relied upon a report provided him by the Hispanic Law Division of the Library of Congress. With respect to the first issue, the report concludes: "(W)hen a foreigner obtains a divorce on any of the grounds authorized by Article 2 of Law 1306-bis (for cause) . . . there is no doubt that such a divorce decree would be valid in the Dominican Republic."

With respect to the second issue, the Library of Congress report states: "(A)n examination of the Spanish text of the provision of Article 17 of the Law on Divorce 1306-bis of 1937, shows that the personal appearance of the party in question is not required. Therefore, the translation of Article 17 quoted in the letter of inquiry should be corrected by eliminating the words "in person.""

With respect to the third issue, the report from the Library of Congress states that there are no court decisions relating to the validity of foreign divorces under the law of Japan and that scholarly opinion on the subject is divided. However, the report notes that if the petitioner and beneficiary registered their marriage in Japan on January 25, 1980, before the petitioner's divorce became final on February 9, 1980, that the marriage would be bigamous. The report further states that Article 732 of the Civil Code of Japan provides that "a person who has a spouse may not effect an additional marriage." The report also notes that bigamous marriages are prohibited under Article 184 of the Penal Code of Japan.

The Officer-in-Charge entered his decision adopting the conclusions of the Library of Congress with respect to the first two issues. He denied the visa petition on the ground that the petitioner was not free to marry the beneficiary on January 25, 1980, because the divorce terminating his prior marriage did not become final until February 9, 1980. By Notice of Certification dated September 23, 1981, the Officer-in-Charge provided

counsel for the petitioner a copy of his decision and advised him that the decision had been certified to the Board for review. The Notice of Certification also advised the petitioner that he had 10 days within which to submit a brief or other written statement for consideration by the Board. He was also advised that if he wished to present oral argument before the Board, he should promptly request oral argument by a letter to the Board. The petitioner did not request oral argument before the Board and the record file does not contain a brief or other statement in response to the decision of the Officer-in-Charge or the Notice of Certification.

In visa petition proceedings, the burden is upon the petitioner to establish eligibility for the benefits sought. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966). A petitioner who relies on foreign law to establish eligibility for an immigration benefit must prove that law as if it were a question of fact. *Matter of Annang*, 14 I&N Dec. 502 (BIA 1973).

The only evidence of record regarding the issues of foreign law critical to the decision in this case is the report prepared by the Library of Congress. Although he has had ample opportunity to do so, the petitioner has not submitted any evidence regarding these issues. Neither has he in any manner disputed the report submitted by the Library of Congress. Therefore, on the basis of the evidence before us we conclude:

(1) That the law of the Dominican Republic does not preclude a nonresident from obtaining a divorce for cause in the Dominican Republic.

(2) That Article 17 of the Law on Divorce 1306-bis, Civil Code of the Dominican Republic, does not require the party who obtains a divorce for cause to appear "in person" to have the divorce pronounced and registered. Therefore, as the translation of Article 17 which we relied upon in *Matter of Valerio*, 15 I&N Dec. 659 (BIA 1976); *Matter of Gonzalez*, 16 I&N Dec. 178 (BIA 1977); and *Matter of Lucero*, 16 I&N Dec. 674 (BIA 1979), was an erroneous translation, these cases are hereby modified insofar as they hold that one who obtains a divorce decree for cause in the Dominican Republic must appear "in person" in order to have the divorce decree pronounced.

(3) That the visa petition in this case was properly denied on the ground that the petitioner's marriage to the beneficiary is invalid because at the time entered into, the petitioner's divorce had not yet become final and he was not free to contract another marriage. *Matter of Valerio, supra.*

Accordingly, the following order will be entered.

ORDER: The decision of the Officer-in-Charge is affirmed and the visa petition is denied.