## MATTER OF ZORRILLA

### In Visa Petition Proceedings

### A-24065035

*Decided by Board March 11, 1983*

The Board of Immigration Appeals concludes that, under Article 16, Law 1306-bis of the Civil Code of the Dominican Republic, the 2-month period for pronouncement of a Dominican divorce for cause begins to run upon expiration of the 2-month period for filing an appeal which runs from the time the defendant is notified of the judgment of divorce. The following decisions are modified to the extent that they are inconsistent with this conclusion: *Matter of Hann*, 18 I&N Dec. 59 (BIA 1981); *Matter of Valerio*, 15 I&N Dec. 659 (BIA 1976); *Matter of Gonzalez*, 16 I&N Dec. 178 (BIA 1977); and *Matter of Lucero*, 16 I&N Dec. 674 (BIA 1979).

ON BEHALF OF PETITIONER:  Dr. Antonio C. Martinez, Esquire
324 West 14th Street
New York, New York 10014

BY:  Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated January 11, 1982, the District Director denied a visa petition filed by the lawful permanent resident petitioner to accord the beneficiary preference status as her husband pursuant to section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). The petitioner has appealed from that decision. The appeal will be sustained and the visa petition approved.

The lawful permanent resident petitioner, a 31-year-old native and citizen of the Dominican Republic, married the beneficiary, a 29-year-old native and citizen of the Dominican Republic, in New York on April 11, 1980.

In her visa petition, the petitioner indicated that prior to her marriage to the beneficiary, she was married to "Roberto Eulogio Rojas." In accordance with 8 C.F.R. 204.2(c)(2), the petitioner submitted proof of what she believed to be the termination of her prior marriage. She explains that she sought and obtained a divorce from Roberto Eulogio Rojas in the Dominican Republic. The record contains copies of the judgment of divorce dated March 22, 1976, the notification to the defendant spouse of the judgment dated June 4, 1976, and the pronouncement dated August 6, 1976. These documents reflect that the petitioner's

378

former spouse was the defendant in a divorce action for incompatibility of character in the Dominican Republic, that the divorce was sentenced on March 22, 1976, that the defendant was notified of this judgment on June 4, 1976, and that the divorce was pronounced and registered in the Office of the Civil Registry on August 6, 1976.

The District Director found the petitioner's Dominican divorce to be invalid under Dominican law because it was not pronounced within 2 months from the date the divorce was sentenced as required by Articles 17[1] and 19[2] of Law 1306-bis, Civil Code of the Dominican Republic. *See Matter of Hann,* 18 I&N Dec. 59 (BIA 1981); *see also Matter of Valerio,* 15 I&N Dec. 659 (BIA 1976); *Matter of Gonzalez,* 16 I&N Dec. 178 (BIA 1977); and *Matter of Lucero,* 16 I&N Dec. 674 (BIA 1979). He denied the visa petition based on his finding that the petitioner's marriage to the beneficiary is invalid because of the prior undissolved marriage.

On appeal, the petitioner contends that her 1976 divorce is valid. She submits that a divorce must be pronounced within 2 months of notification of the judgment, rather than within 2 months of the judgment as the District Director required. She relies on Article 16 of the Civil Code for this contention. Petitioner states that her prior spouse was notified of the divorce on June 4, 1976, and that the divorce was pronounced on August 6, 1976. She contends, therefore, that her Dominican divorce is valid under Dominican law, that her marriage to the beneficiary is valid, and that the visa petition should be approved.

The question of the time period within which a Dominican divorce for cause, as opposed to divorces for mutual consent, must be pronounced lest the plaintiff lose the benefit of the divorce under Article 19 has been presented to the Board and decided piecemeal. We have previously held, based on an opinion from the Hispanic Law Division of the United States Library of Congress, that the 2-month period referenced in Article 19 for pronouncement of the divorce begins to run from the date the Dominican divorce is sentenced. *Matter of Valerio, supra; Matter of*

---

[1] Article 17, Law 1306-bis, Civil Code of the Dominican Republic provides that: The spouse who obtained a divorce judgment issued by a court of last instance of a judgment which has become final, except if an appeal on cassation which suspends the effects of the judgment has been filed, is under the obligation to appear before the Official of the Civil Registry, within two months, in order to have the divorce pronounced and the judgment registered in the Office of Civil Registry, provided the other party is summoned by the bailiff in order that he (she) may appear before the Official of the Civil Registry to hear the pronouncement of the divorce.

[2] Article 19, Law 1306-bis, Civil Code of the Dominican Republic provides that: The plaintiff who fails to act within two months shall lose the benefits granted to him by the judgment thus obtained, and he shall not be able to obtain a new judgment unless his petition is based on new grounds. The previously alleged grounds may be added to the new ones.

*Gonzalez, supra; Matter of Lucero, supra.* Subsequently, we held that under Article 18, Law 1306-bis, Civil Code of the Dominican Republic, the 2-month period does not begin to run until after the 2-month time period allowed for appeal from the judgment has expired. *Matter of Hann, supra.* We are now called upon to consider the effect of Article 16 of the Dominican Civil Code, which has not previously been presented.

The Immigration and Naturalization Service has provided the Board with a translation of Article 16 which supports the petitioner's contentions. It provides:

> (Article 16:) No appeal will be allowed after the legal deadline, which is two months from the date of the notification of the judgment; the appeal should be entered within the two months.

Therefore, we conclude that the 2-month (60-day) period for pronouncement of a Dominican divorce for cause set forth in Article 19 begins to run upon expiration of the 2-month period for filing an appeal which runs from the time the defendant is notified of the sentence of divorce, and not from the date the judgment is sentenced. *Matter of Hann, supra; Matter of Valerio, supra; Matter of Gonzalez, supra;* and *Matter of Lucero, supra,* are hereby modified insofar as they are inconsistent with this decision.

In this case, the petitioner's Dominican divorce was sentenced on March 22, 1976. The defendant (petitioner's former spouse) was notified of the judgment on June 4, 1976.[3] The 2-month (60-day) period for appeal expired on August 3, 1976, and the 2-month time period for pronouncement of the divorce began. The divorce was pronounced 3 days later on August 6, 1976, and well within the 2-month time period required under Article 19.

We find that the petitioner's divorce was valid when pronounced on August 6, 1976, and that the petitioner was free to enter into a marital relationship with the beneficiary on April 11, 1980. From our review of the record, we see no other reason or basis for denial of this visa petition. Accordingly, the appeal will be sustained and the visa petition will be approved.

ORDER: The appeal is sustained and the visa petition is approved.

---

[3] The notification was registered in Santo Dorningo on June 8, 1976, before the Director of Registry.