## MATTER OF GUZMAN

### In Visa Petition Proceedings

### A-20067047

### Decided by Board March 5, 1976

The United States citizen petitioner seeks to accord beneficiary, a native and citizen of the Dominican Republic, immediate relative classification as her spouse on the basis of their marriage in New Jersey in November 1973 following beneficiary's mutual consent divorce from his first wife (also a Dominican) obtained in the Dominican Republic in August 1973, the decree of which indicates that there was no personal appearance made by either of the parties in the proceedings. Although the record does not clearly indicate where the parties to the divorce were residing at the time the divorce was obtained, if the parties were then residing in the Dominican Republic, the divorce is invalid because they did not personally appear before the court as required by Article 30 of the Civil Code of the Dominican Republic. On the other hand, even if the parties were not required to appear personally before the court under Article 28, Paragraph IV, of the Civil Code of the Dominican Republic because they resided abroad, the divorce is not entitled to recognition because the State of New Jersey does not recognize absentee divorces obtained by its residents. Accordingly, beneficiary's subsequent marriage to petitioner in New Jersey is not valid to confer upon him immediate relative classification.

ON BEHALF OF PETITIONER: Antonio C. Martinez, Esquire
324 West 14th Street
New York, New York 10014

The United States citizen petitioner applied for immediate relative status for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act. In a decision dated February 18, 1975, the district director denied the petition. The appeal will be dismissed.

The beneficiary, a native and citizen of the Dominican Republic, married the petitioner in New Jersey on November 19, 1973. This is the second marriage for the beneficiary. A divorce decree from a court in the Dominican Republic was submitted indicating that the beneficiary obtained a divorce by mutual consent from his first wife, also a Dominican, on August 29, 1973. It appears from the divorce decree that no personal appearance was made by either of the parties in these proceedings. A copy of the Pronouncement of the divorce, dated September 7, 1973, is also contained in the record.

The district director denied the petition on the ground that the beneficiary's divorce was invalid in that the parties were neither personally

present before the court nor before the Official of the Civil Registry who made the pronouncement.

Chapter IV (containing Articles 26 through 33) of Law 1306-bis (1937) as amended by Law 142 (1971), Civil Code of the Dominican Republic, sets out the procedures to be followed in divorces obtained by the mutual consent of the parties. The procedures for mutual consent divorces sought by foreigners[1], by Dominicans residing abroad and by Dominicans residing in the Dominican Republic are different.

The parties to the divorce involved here were both Dominicans. According to Article 28, Paragraph IV, if they were residing outside of the Dominican Republic at the time of the divorce action, both parties could have submitted to the jurisdiction of the court without their personal appearance to obtain a valid divorce in the Dominican Republic. If they were residing in the Dominican Republic at the time, they must have personally appeared at a hearing before the court pursuant to Article 30.

The record does not clearly indicate where the parties to the divorce were residing when the divorce was obtained in 1973. Although it is stated on the visa petition filed in November of 1973 that the beneficiary had last entered the United States in 1970 and was residing in New Jersey, the divorce decree indicates that the parties were both residing in the Dominican Republic. If the parties were indeed residents of the Dominican Republic at the time of the divorce, the requirement of personal appearance set out in Article 30 was not met, and the divorce is invalid. Moreover, we are convinced that the divorce is not entitled to recognition even if neither spouse was required to appear personally before the Dominican court under Article 28, Paragraph IV, because they resided abroad. New Jersey does not recognize absentee divorces obtained by its residents. *Tonti v. Caldwell,* 1 N.J. 531, 64 A.2d 436 (1949).

We note that the district director also concluded that the divorce is invalid because the parties did not personally appear before the Official of the Civil Registry for the *pronouncement* of the divorce. That conclusion is erroneous. The statutory provision requiring personal appearance for the pronouncement applies to divorces obtained for cause, not by mutual consent. See Law 659, Title V, Article 64 (1944), Civil Code of the Dominican Republic.

The district director's decision denying the petition is correct. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

---

[1] The personal appearance of only one of the parties is required in mutual consent divorces sought by foreigners. Articles 28, Paragraph V, Law 1306-bis (1937) as amended by Law 142 (1971), Civil Code of the Dominican Republic. See *Matter of Atwater,* 14 I. & N. Dec. 410 (BIA 1973).