## MATTER OF ZAMBRANO

### In Visa Petition Proceedings

### A-21682096

*Decided by Board May 5, 1981*

(1) A more liberal policy toward divorce, as evidenced by the Divorce Reform Act of 1971, N.J. Stat. Ann. 2A:34-1, is now recognized in New Jersey. *Kazin v. Kazin*, 81 N.J. 85, 405 A.2d 360 (1979).

(2) New Jersey now appears to recognize foreign absentee divorces obtained by its residents. *Matter of Guzman*, 15 I&N Dec. 624 (BIA 1976), overruled in part.

(3) Where the record in visa petition proceedings was unclear whether the Dominican Republic divorce, alleged to constitute proof of the legal termination of the beneficiary's previous marriage and its pronouncement, was for cause or mutual consent, and it was unclear whether the formalities had been complied with, the record is remanded for further proceedings.

ON BEHALF OF PETITIONER: Harvey A. Yanks, Esquire
Lewis Tower Building
15th and Locust Street
Suite 1520
Philadelphia, Pennsylvania 19102

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

In a decision dated July 18, 1980, the District Director denied a visa petition filed by the petitioner on behalf of the beneficiary as her spouse under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). The petitioner has appealed from that decision. The record will be remanded.

The 25-year-old lawful permanent resident female petitioner, native of Cuba, filed a visa petition on June 8, 1979, on behalf of the 36-year-old beneficiary, a native and citizen of Colombia. The petitioner and beneficiary were married in New Jersey on May 28, 1975, where they reside. The District Director denied the visa petition on the basis that the beneficiary was not free to marry the petitioner inasmuch as his 1975 Dominican Republic divorce from his previous spouse, Carmen, is not recognized in New Jersey, and hence is not recognized for immigration purposes, since neither the beneficiary nor Carmen, both then residing in New Jersey, was present in the Dominican Republic during the divorce proceedings.

In so holding, the District Director initially relied on *Tonti v. Chadwick*, 1 N.J. 531; 64 A.2d 436 (1949),[1] as we did in our earlier precedent decision, *Matter of Guzman*, 15 I&N Dec. 624 (BIA 1976), for the proposition that the Dominican Republic divorce was not entitled to recognition because the State of New Jersey does not recognize absentee divorces obtained by its residents. Hence, that beneficiary's subsequent marriage in New Jersey was not valid to confer upon him immediate relative classification. The District Director also relied on *Kazin v. Kazin*, 161 N.J. Super. 174, 391 A.2d 546 (1978), a case recognizing the more liberal policy toward divorce as evidenced by the Divorce Reform Act of 1971, N.J. Stat. Ann. 2A: 34-1, should be the law. In *Kazin, id.*, the Superior Court of New Jersey, relying on *Tonti v. Chadwick, supra*, held that a Mexican divorce decree obtained after a 1-day appearance by the plaintiff, was utterly void for want of jurisdiction. However, the District Director failed to recognize that on appeal, the Supreme Court of the State of New Jersey overruled *Tonti v. Chadwick, supra*, and stated that "there remains little, if any, interest in encouraging the resurrection of deceased marriages, even if pronounced dead by other tribunals whose processes are not completely consistent with our own." *Kazin v. Kazin*, 81 N.J. 85, 405 A.2d 360 (1979). Therefore, we now find that the State of New Jersey does recognize absentee divorces obtained by its residents. *Kazin v. Kazin, id.* Consequently, we recede from the holding in *Guzman, supra*, as to the applicable law in the State of New Jersey.

The record contains documents alleged to constitute proof of the legal termination of the beneficiary's previous marriage and its pronouncement in the Dominican Republic in 1975. However, these documents have not been translated. Therefore, it is unclear whether the Dominican divorce terminating the beneficiary's prior marriage was for cause, or by mutual consent, and hence it is unclear whether the formalities of the law of the Dominican Republic have been satisfied. *See Matter of Lucero*, 16 I&N Dec. 674 (BIA 1979). Accordingly, the record will be remanded to the District Director. On remand, the petitioner should submit a translation of the divorce documents and any additional evidence in support of her petition. If the petitioner relies on foreign law to establish eligibility for an immigration benefit, she must prove the law as if it were a question of fact. *Matter of Annang*, 14 I&N Dec. 502 (BIA 1973). The petitioner still has the burden to establish eligibility for the

---

[1] *Tonti v. Chadwick, supra*, held that where a divorce decree of a foreign country embodies all the jurisdictional prerequisites and is otherwise sufficient on its face, there is a presumption in favor of its validity under the laws of the sovereignty in which it was rendered, but extraterritorial recognition rests on the doctrine of comity controlled by public policy of the state whose recognition is invoked, and the full faith and credit clause has no application.

benefit sought. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966). The District Director will enter a new decision upon review of the translated divorce decree, the relevant precedents and any further evidence submitted by the petitioner.

**ORDER:** The record is remanded.