## MATTER OF JIMENEZ

### In Visa Petition Proceedings

### A-22175309

### Decided by Board December 22, 1981

(1) Pursuant to the provisions of Chapter IV, Article 30, of the Civil Code of the Dominican Republic, in a divorce action by mutual consent, native Dominican spouses, whether residing in the Dominican Republic or not, are not required to make a personal court appearance in order to obtain a divorce. Where inconsistent, *Matter of Guzman*, 15 I&N Dec. 624 (BIA 1976), is overruled.

(2) Pursuant to Article 28, Par. V of the Civil Code of the Dominican Republic, which governs the conduct of foreigners seeking to obtain a divorce by mutual consent, only one spouse is required to make a personal appearance in order to obtain a valid divorce in the Dominican Republic.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF PETITIONER:
Marvin Homonoff, Esquire
Kirshenbaum & Kirshenbaum
86 Weybosset Street
Providence, Rhode Island 02903

ON BEHALF OF SERVICE:
Michael J. Heilman
General Attorney

BY: Milhollan, Chairman; Maniatis, Maguire, Morris, and Vacca, Board Members

In a decision dated October 15, 1979, the District Director denied the visa petition filed by the petitioner on behalf of her daughter under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2), on the ground that at the time of the filing the beneficiary was married and, therefore, did not meet the requirements for second-preference immigrant status.

The District Director based his decision on the fact that at the time the beneficiary, a native and citizen of the Dominican Republic, obtained her divorce, both she and her husband (also a native and citizen of the Dominican Republic) were residing in the Dominican Republic, yet neither personally appeared before the court. The District Director interpreting Chapter IV, Article 30 of Law 1306-bis (1937) as amended by Law 142 (1971), Civil Code of the Dominican Republic (*see* extract of

182

Law 1306-bis, attached), to require the personal appearance of Dominicans residing in their native country at the time of divorce, concluded that the beneficiary's divorce in 1976 was invalid and, therefore, she did not qualify as the petitioner's unmarried daughter.

This Board, in a decision dated April 16, 1980, reversed the decision of the District Director, finding that none of the provisions of Chapter IV, which governs divorces of mutual consent, require that a native Dominican couple, whether residing in the Dominican Republic or not, need make a personal court appearance in order to obtain a divorce. We further concluded that only foreigners need personally appear before the court (see Article 28, Paragraph V, attached).

This case is once more before the Board on a motion for reconsideration submitted by the Immigration and Naturalization Service. The Service has requested that we clarify our position in the instant case as it appears to conflict with *Matter of Guzman*, 15 I&N Dec. 624 (BIA 1976). The motion will be granted and our prior decision in the instant case affirmed.

Chapter IV of Dominican Law 1306-bis sets out the procedures to be followed in divorces obtained by the mutual consent of the parties. Article 28, a preliminary section, outlines the prerequisite conditions to obtaining a divorce. Article 28, Paragraph II, permits Dominicans residing in the Dominican Republic to file a divorce petition on the ground of mutual consent, either personally or by proxy with sufficient power, after complying with the provisions of Article 28, Paragraph I. Dominicans residing abroad may file divorce petitions based on mutual consent, either in person or represented by proxy, provided that they comply with the provisions of Article 28, Paragraph IV. Foreigners, even if they are nonresidents, are also permitted to obtain a divorce decree on the ground of mutual consent provided that at least one of the spouses is present and the other is either present or represented by proxy.(See Article 28, Paragraph V).[1]

After the procedures of Article 28 regarding the filing of a divorce petition have been completed, the spouses must next comply with the provisions of Article 30. In the case of Dominican nationals, this article provides for a period of no less than 30 days and no more than 60 days after the filing for the spouses to appear in court. The wording of Article 30 does not repeat the language in Article 28 that both parties may be represented by proxy. However, to read this omission in the language as imposing a requirement that both parties appear personally would

---

[1] In response to the Service's contention that our prior decision in the *Jimenez* case was somewhat ambiguous on the subject of appearance by foreigners, at this time we would like to state that Article 28, Paragraph V, which governs the conduct of foreigners, requires that only one spouse need make a personal appearance to obtain a valid divorce in the Dominican Republic.

contradict the legislative intent underlying Chapter IV. This chapter was primarily intended to facilitate the obtaining of a divorce when the only ground was that of mutual consent. The question then resolves itself into whether, on the one hand, the law would provide for a very flexible policy requiring either personal appearance or representation by proxy for the filing of the divorce petition, and then, on the other hand, demand only the personal appearance of the spouses to obtain the final decree.

The matter thus becomes one of statutory interpretation. The primary rule is that the intent of the legislation is to be carried out. The meaning of the statute is to be found in its works, without resort to any materials *dehors* the words of the statute itself, since it is presumed that the legislature chose apt words to express its intention. But these rules of statutory construction must yield in situations in which it can be demonstrated that adherence to them would defeat the intention of the legislature. *See Matter of S.S. "Annik"*, 1 I&N Dec. 418 (BIA 1943).

In the instant case, to say that when Article 30 utilizes the word "spouses" it means only "in person," would be erroneous and could lead to an otherwise "absurd, unjust, or unreasonable result." *See Matter of S.S. "Annik", supra; Matter of Mesa*, 12 I&N Dec. 432 (Dep. Assoc. Comm. 1967). Therefore, insofar as *Matter of Guzman*, 15 I&N Dec. 624 (BIA 1976), held that a Dominican couple residing in the Dominican Republic at the time of their divorce must make a personal appearance, it is overruled and our decision in *Matter of Jimenez*, affirmed. Accordingly, the visa petition will be approved for second-preference status.

**ORDER:** It is ordered that the motion to reconsider be granted.

**FURTHER ORDER:** It is ordered that our prior decision be affirmed.

**FURTHER ORDER:** It is ordered that the visa petition be approved for second-preference immigrant status on behalf of the beneficiary.

## ATTACHMENT

### Chapter IV
### Of divorce by mutual consent
### [judicial proceedings thereof]

*Art. 28.* Prior to the filing of a divorce petition in court, the spouses are under the obligation: 1) to make an inventory of their real and personal property; 2) to agree on the person who shall be in charge of the care and custody of their common children while the proceedings last and after the divorce judgment has been pronounced; 3) to agree on the place where the wife shall reside while the proceedings last, and the amount of the alimony she shall receive while the proceedings last prior to reaching a final judgment.

*Para. 1.* All these conventions and stipulations shall be executed in a notarized document (*acto autentico*).

*Para. II.* The above mentioned formalities complied with, the spouses, in person or represented by proxy with sufficient power, together with the document containing the conventions and stipulations agreed to referred to in this article and a copy of their marriage certificate and a certificate of birth of the children, should there be any, shall appear before the Judge of First Instance of their domicile, stating that they have the intention to divorce by mutual consent, and to that effect, they request [from the judge] his corresponding authorization to file a petition.

*Para. III.* Should there be no copy of the birth certificates either because the parties do not have them or because [the children] were not registered in the Office of the Civil Registry, an affidavit duly executed shall be sufficient in court.

*Para. IV* (added by law 142). In the case of Dominican spouses residing abroad, the conventions and stipulations [agreed to by them] may be prepared through holders of a special power of attorney and signed by them before a notary public of a jurisdiction designated by them in the document containing the power of attorney. Under said conventions and stipulations, the parties shall expressly grant jurisdiction [to hear the case] to a judge of first instance of the very jurisdiction designated by them in the power of attorney, in order that he take cognizance of and render a judgment on divorce.

*Para. V* (added by law 142). Foreigners who are in the country, even though they are nonresidents, may obtain a divorce judgment on grounds of mutual consent, provided one of the spouses is present during the court hearing and the other is represented by a special proxy and that they execute a public instrument on agreements and stipulations before a notary public having office within the jurisdiction of the court, agreeing to grant competence to hear the case to a judge of first instance. Cases that fall under this provision are exempted from the provisions of article 27 of the Law on Divorce.

*Art. 30.* After ascertaining that the provisions of the law have been complied with in order to make admissible the divorce petition filed in court, the judge shall order the continuation of the proceedings by setting a term of no less than 30 nor more than 60 days in order that the spouses appear in court; and with knowledge of all the acts he shall issue his decision after eight days of the date set for the appearance [of the spouses before him].

*Para. I.* The judgment shall comply with all the stipulations stated in the acts referred to in article 28 [of this law]. Said acts may be altered solely by the agreement of both spouses convened on the day of the hearing by previous mutual consent.

*Para. II* (added by law 142). In the case provided for in paragraph V of article 28 of this law, the judge shall admit the petition, establishing a term of three days for the spouses to appear in court. Once the hearing is over, the court shall order communication to the Office of the Attorney General, so that it may render a report within the term of three working days. Afterwards, the judge shall pronounce his decision within the following three days.