MATTER OF POLANCO

In Deportation Proceedings

A-17559060

*Decided by Board November 8, 1973*

A native of the Western Hemisphere who entered the United States in possession of an immigrant visa issued to him as the unmarried child of a lawful permanent resident exempt from the labor certification requirements of section 212(a)(14) of the Immigration and Nationality Act, but who, in fact, was married between the date of visa issuance and the date of his entry, is deportable as one excludable at entry. This is true notwithstanding the absence in his visa of Form FS-548 (Statement of Marriageable Age Applicant) and notwithstanding he was admitted by an immigrant inspector upon application for admission (*Matter of Khan*, Interim Decision No. 2215).

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of·entry—no valid certification by Secretary of Labor

ON BEHALF OF RESPONDENT: Antonio C. Martinez, Esquire
324 West 14th Street
New York, New York 10014

This is an appeal from an order of deportation entered by the immigration judge finding the respondent deportable, and granting him the privilege of voluntary departure. The appeal will be dismissed.

The record related to a married male alien, 23 years of age, a native and citizen of the Dominican Republic, who entered the United States December 16, 1967, in possession of an immigrant visa, classified as a native of the Western Hemisphere, exempt from the provisions of section 212(a)(14). Pursuant to section 212(a)(14), aliens seeking to enter the United States for the purpose of performing labor are excludable unless the Secretary of Labor has issued a certification that their employment will not adversely affect employment conditions in the United States. The exclusion does not apply to special immigrants who are children of aliens lawfully admitted to the United States for permanent residence. A child is defined by section 101(b)(1) as an unmarried person under 21 years of age.

The respondent's visa, issued on November 30, 1967, shows that he was found to be exempt from the labor certification requirement because he was the child of a lawful permanent resident. On December 9, 1967 he married a Dominican woman. On December 16, 1967 he entered the United States with the above visa. At the time that he entered the United States, he was not of the status accorded by the visa. Thus, he was not then eligible to enter the United States because, being married, he was not a "child" of a lawful permanent resident as defined by section 101(b)(1).

The respondent contends that because the immigrant inspector admitted the respondent at the time of entry without questioning him as to his marital status, the Government is estopped from deporting him inasmuch as the admission was based on the Government's own error. This same contention was rejected recently by this Board; we held that the Immigration and Naturalization Service is not bound by an error committed by an immigrant inspector at the time of admission, *Matter of Khan*, Interim Decision No. 2215 (BIA July 26, 1973), and cases cited therein.

The respondent further contends that the Government is estopped from deporting him because the consular official who issued the visa failed to notify him of the immigration consequences of marrying prior to applying for admission to the United States. The respondent cites regulation 22 CFR 42.122 which directs that a consular officer shall, when appropriate, warn an alien that he will be inadmissible if he is not unmarried at the time of application for admission. A procedural note implementing the regulation provides that an alien of marriageable age issued a visa on the basis of his status as a "child" should be required to sign Form FS–548 (Statement of Marriageable Age Applicant) in duplicate, one copy of which should be attached to the immigrant visa. The statement informs the alien in writing of the fact that he will be ineligible for admission to the United States should he marry prior to entry. No Form FS–548 was attached to the respondent's visa.

The respondent contends that the consul had a duty, imposed by State Department regulations, to inform him of the law and to have him sign a statement acknowledging that he had been so notified. He argues that the fact that the form is not attached to the visa overcomes the presumption of regularity which usually attaches to acts by Government officials. He then argues that the consul's failure to perform his duty estops the Government from deporting him.

The effect of the respondent's argument would be to permit Government officials to modify the law by their errors; they do not have that power. "[W]e know of no case where an officer or agent

of the government ... has estopped the government from enforcing a law passed by Congress. Unless a law has been repealed or declared unconstitutional by the courts, it is a part of the supreme law of the land and no officer or agent can by his actions or conduct waive its provisions or nullify its enforcement," *Montilla* v. *United States*, 457 F.2d 978, 986 (U.S. Court of Claims 1972). The estoppel doctrine has been successfully invoked against the Government when the Government has supplied misinformation. That is not the case here. The Government did not misinform the respondent.

Failure to inform raises estoppel, generally, only when the party maintaining silence knew that the other party was acting or about to act as he would not have done had the truth been told because he thought the facts were otherwise. The consular official who issued the respondent's visa did not know that the respondent was planning to marry. Thus the consul's silence on the subject of the immigration consequences of marriage by respondent prior to entering the United States was not with the intention of misleading the respondent to his detriment. Therefore it is not the type of silence which raises estoppel.

The respondent was not of the status accorded by his visa. Accordingly, he was excludable at the time of entry, as charged.

**ORDER:** The appeal is dismissed.

Further order: Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.