MATTER OF DELA CRUZ

In Visa Petition Proceedings

A-20495159

*Decided by Board May 1, 1974*

Under the law of the Philippines, Article 80(5) and Article 81(3) of the Civil Code which became effective in August 1950, the marriage of first cousins is proscribed.

The petitioner is an alien lawfully admitted for permanent residence who sought preference status for the beneficiary as her spouse under section 203(a)(2) of the Immigration and Nationality Act. The petition was initially approved; however, after due notice to the petitioner, the approval was revoked by the Officer in Charge, Manila, Philippines, in a decision dated September 7, 1973. The petitioner has appealed from that decision. The appeal will be dismissed.

Both the petitioner and the beneficiary are natives of the Philippines. They went through a marriage ceremony on April 11, 1972 in the Republic of the Philippines. The Officer in Charge revoked approval of the petition upon his discovery that the parties are first cousins.[1] The petitioner has conceded that she is so related to beneficiary.

Although this case presents numerous sympathetic elements, the law is clear. The validity of a marriage is generally governed by the law of the place of celebration. *Matter of P—*, 4 I. & N. Dec. 610, 612 (A.G. 1952). Article 80 of the Civil Code of the Philippines[2] states:

> The following marriages shall be void from the beginning:
> (1) Those contracted under the ages of sixteen and fourteen years by the male and female respectively, even with the consent of the parents;
> (2) Those solemnized by any person not legally authorized to perform marriages;
> (3) Those solemnized without a marriage license, save marriages of exceptional chracter;

---

[1] The record indicates that the mother of the beneficiary and the father of the petitioner were siblings.

[2] The Civil Code of the Philippines became effective in August of 1950.

(4) Bigamous or polygamous marriages not falling under article 83, number 2;

(5) Incestuous marriages mentioned in article 81;

(6) Those where one or both contracting parties have been found guilty of the killing of the spouse of either of them;

(7) Those between stepbrothers and stepsisters and other marriages specified in article 82.

## Article 81 of the Civil Code provides:

Marriages between the following are incestuous and void from their performance, whether the relationship between the parties be legitimate or illegitimate:

(1) Between ascendants and descendants of any degree;

(2) Between brothers and sisters, whether of the full or half blood;

(3) Between collateral relatives by blood within the fourth civil degree.

Pursuant to Article 80(5) and Article 81(3), the marriage of first cousins is proscribed in the Philippines.[3] A memorandum of foreign law prepared by a Senior Legal Specialist in the Hispanic Law Division of the Library of Congress further indicates that there is no basis upon which the petitioner's marriage to the beneficiary may be considered valid in the Philippines. We understand the plight of the petitioner; however, the beneficiary cannot be classified as the spouse of the petitioner on the basis of this void marriage. The decision of the Officer in Charge was correct.

**ORDER:** The appeal is dismissed.

---

[3] It appears that marriages between first cousins were permitted prior to the effective date of the Civil Code.