## MATTER OF ARENAS

### In Visa Petition Proceedings

### A-20723462

*Decided by Board February 25, 1975*

In determining the validity of a marriage for immigration purposes, the law of the place of celebration of the marriage will generally govern. Under section 2.22 of the Texas Family Code a marriage is void if either party was married and the prior marriage is not dissolved. However, the marriage becomes valid when the prior marriage is dissolved and the parties continue to reside together as husband and wife and represent themselves to others as being married. As the parties were domiciled and married in Texas, and the previously married spouse alleged her prior marriage was dissolved by divorce after the present marriage, the record was remanded to give the petitioner the opportunity to establish the divorce, and that they had resided together thereafter as husband and wife and had represented themselves to others as being married. Upon the presentation of such evidence the beneficiary would be eligible for an immigrant visa as an immediate relative under section 201(b) of the Immigration and Nationality Act.

ON BEHALF OF PETITIONER:    James A. Douglas, Esquire
688 W. Robertson
San Benito, Texas 78586

The United States citizen petitioner applied to have his wife classified as an immediate relative under section 201(b) of the Immigration and Nationality Act. In a decision dated August 19, 1974, the district director denied the petition on the ground that the beneficiary had a prior undissolved marriage at the time she married the petitioner and therefore her marriage to the petitioner was not valid. The petitioner has appealed. The appeal will be sustained and the record remanded.

The beneficiary is a 47-year-old female, who is a native and citizen of Mexico. She married the petitioner in a ceremonial marriage in Texas on March 10, 1972. At that time the beneficiary's first marriage had not been dissolved or otherwise terminated. The petitioner alleges that on May 29, 1974, the beneficiary obtained a divorce, in Mexico, from her first husband.

In determining the validity of a marriage for immigration purposes, the law of the place of celebration of the marriage will generally govern. See e.g., *Matter of Moncayo*, 14 I. & N. Dec. 472 (BIA 1973); *Matter of Levine*, 13 I. & N. Dec. 244 (BIA 1969); *Matter of Dagamac*, 11 I. & N.

Dec. 109 (BIA 1965); *Matter of P—* 4 I. & N. Dec. 610 (1952) (A.G. 1952).

The beneficiary's marriage to the petitioner occurred in Texas. Moreover, the petitioner appears to be a domiciliary of Texas. We therefore conclude that the laws of Texas will determine the validity of this marriage.

On appeal, the petitioner contends that his marriage to the beneficiary would be valid under Texas, law. Section 2.22 of the Texas Family Code provides:

A marriage is void if either party was married and the prior marriage is not dissolved. However, the marriage becomes valid when the prior marriage is dissolved if since that time the parties have lived together as husband and wife and represented themselves to others as being married.

Our research shows that only one Texas appellate court has interpreted this section. In *Caddel* v. *Caddel,* 486 S.W. 2d 141 (Tex. Civ. App. 1972), the court held that although a marriage would be void if either party had a prior undissolved marriage, the second marriage would be recognized as valid as of the date of the dissolution of the first marriage, provided that the conditions described in the second sentence of section 2.22 are met.

With his appeal, the petitioner has submitted an affidavit stating that on May 29, 1974, the beneficiary divorced her former husband, and that since the date of the dissolution of the beneficiary's former marriage, he and the beneficiary have lived together as husband and wife. The decree of divorce does not appear in the record, although there is a notation on the Form I-130 that the decree was seen and returned to the petitioner. An untranslated petition for divorce is included in the record.

We conclude that the petitioner's contention is correct that under Texas law, his marriage to the beneficiary would be recognized as valid if, as alleged, the beneficiary has obtained a valid divorce and if she and the petitioner have resided together as husband and wife. Accordingly, we shall sustain the appeal as to the petitioner's contention and remand the record for further proceedings and the entry of a new decision.

ORDER: The appeal is sustained and the record remanded for futher proceedings.