## MATTER OF BAUTISTA

### In Visa Petition Proceedings

### A-21307895

*Decided by Board September 12, 1978*

(1) The marriage of the petitioner and the beneficiary, second cousins, will be recognized for immigration purposes only if it is valid under the law of the Philippines, the place of celebration.

(2) Article 81 of the Civil Code of the Philippines proscribes marriage between collateral relatives within the fourth civil degree. Since the beneficiary, the child of the petitioner's cousin, is related to the petitioner in the fifth degree, her marriage to the petitioner is not proscribed by Article 81 of the Philippine Code and will be deemed valid for immigration purposes. Compare *Matter of Dela Cruz*, 14 I. & N. Dec. 686 (BIA 1974).

ON BEHALF OF PETITIONER: Pro se

BY: Milhollan, Chairman; Appleman, Maguire, and Farb, Board Members

The petitioner has appealed from the decision of the Immigration Officer, dated April 20, 1978, denying the visa petition filed on behalf of the beneficiary as his wife under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). The appeal will be sustained.

The petitioner, a 32-year-old native of the Philippines, was admitted to the United States as a lawful permanent resident on November 29, 1977. On December 18, 1977, he married the beneficiary, a 22-year-old native and citizen of the Philippines. On December 29, 1977, the petitioner filed a visa petition, seeking to accord his wife second preference status for the issuance of an immigrant visa.

In his decision denying the visa petition, the Immigration Officer found that the marriage between the petitioner and the beneficiary would not be recognized for immigration purposes because they were related within the degree of kinship prohibited from marrying under Philippine Law. In reaching this conclusion, the Immigration Officer relied upon Article 81 of the Civil Code of the Philippines, which provides:

Marriages between the following are incestuous and void from their performance, whether the relationship between the parties be legitimate or illegitimate:

(1) Between ascendants and descendants of any degree;

602

* * *

(2) Between collateral relatives by blood within the fourth civil degree.

The Immigration Officer found that the petitioner's marriage to the beneficiary was proscribed under subsection 1 of Article 81. However, it appears from the record that the parties are collateral relatives[1], and their relationship should be governed by subsection 2 of Article 81, which proscribes marriages within the fourth civil degree.

The general rule governing recognition of marriages for immigration purposes is that the validity of a marriage is governed by the law of the place where the marriage was celebrated. *Matter of Arenas*, Interim Decision 2343 (BIA 1975). The petitioner's marriage to the beneficiary, therefore, is valid for immigration purposes only if it would be valid under Philippine Law, the law of the place of celebration.

In computing the degree of the relationship between the parties in this case, we look to the rule of the civil law, as Article 81 of the Philippine Code proscribes marriages between collateral relatives within the fourth civil degree. The fourth degree of relationship includes first cousins, great-uncles and great-aunts. *Children* of a cousin are related in the fifth degree. See 23 Am. Jur. 2d *Descent and Distribution* § 48. Since the beneficiary in this case, the child of the petitioner's cousin, is related to the petitioner in the *fifth* degree, her marriage to the petitioner is not proscribed by Article 81 of the Philippine Code, and will be deemed valid for immigration purposes. Compare *Matter of Dela Cruz*, 14 I. & N. Dec. 686 (BIA 1974). We will, therefore, sustain the appeal filed in this case, and approve the visa petition filed on the beneficiary's behalf.

ORDER: The decision of the Immigration Officer is reversed, and the visa petition is approved.

---

[1] The petitioner is the first cousin of the beneficiary's mother, thereby making the relationship between the parties that of second cousins. In his Notice of Appeal, the petitioner incorrectly categorizes his relationship to his wife as that of an uncle and niece.