## MATTER OF TAYABJI

### In Section 246 Proceedings

### A-19727885

*Decided by Board September 20, 1985*

(1) The favorable recommendation of the Secretary of State is a necessary prerequisite to approval of an application for waiver of the 2-year foreign residence requirement under section 212(e) of the Immigration and Nationality Act, 8 U.S.C. § 1182(e) (1982).

(2) An immigration judge has full authority in rescission proceedings under section 246 of the Act, 8 U.S.C. § 1256 (1982), to determine whether a section 212(e) waiver application, on which an alien's adjustment of status had been premised, was approved in error; a preliminary revocation of such waiver by the Immigration and Naturalization Service is neither necessary nor contemplated.

(3) An alien's adjustment of status under section 245 of the Act, 8 U.S.C. § 1255 (1982), is properly rescinded where his application for a section 212(e) waiver, upon which such adjustment had been premised, was approved in error due to the absence of the required favorable recommendation of the Secretary of State.

(4) A district director's approval of an alien's section 212(e) waiver application in excess of his authority does not operate to estop the Government from enforcing the congressionally imposed residency requirements of sections 212(e) and 245 of the Act.

ON BEHALF OF RESPONDENT:
Samuel D. Myers, Esquire
Freedman, Freedman & Myers, Ltd.
2 North LaSalle Street, Suite 1902
Chicago, Illinois 60602

ON BEHALF OF SERVICE:
Milton C. Jossey
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

This matter is before the Board on appeal from the immigration judge's decision of January 10, 1984, rescinding the respondent's adjustment of status to permanent resident pursuant to section 246 of the Immigration and Nationality Act, 8 U.S.C. § 1256 (1982). The appeal will be dismissed.

The respondent is a 37-year-old native and citizen of Tanzania who entered the United States as a nonimmigrant visitor on August 28, 1972, and shortly thereafter obtained a change of non-

immigrant status to a "J-1" exchange visitor under section 101(a)(15)(J) of the Act, 8 U.S.C. § 1101(a)(15)(J) (1982). The respondent's exchange visitor program clearly subjected him to the 2-year foreign residence requirement of section 212(e) of the Act, 8 U.S.C. § 1182(e) (1982), a fact which the respondent has never contested. On March 13, 1976, the respondent married a United States citizen, and on March 25, 1977, a visa petition was approved classifying him as an immediate relative immigrant. The respondent also filed a Form I-612 (Application for Waiver of the Foreign Residence Requirement) as a necessary prerequisite to establishing his eligibility for adjustment of status under section 245 of the Act, 8 U.S.C. § 1255 (1982). *See* 8 C.F.R. § 245.1(b)(6) (1985). By letter dated September 15, 1978, the district director at Philadelphia informed the respondent that "based upon a finding that exceptional hardship would be imposed on your spouse *and the favorable recommendation of the Department of State*, you have been granted the waiver of the foreign residence requirement." (Emphasis added.) Accordingly, the respondent filed his application for adjustment of status on September 28, 1978, which was approved on July 24, 1979.

In a Notice of Intent to Rescind dated February 11, 1980, as amended by Notice on February 29, 1980, the district director at Chicago (the Immigration and Naturalization Service office now having jurisdiction over the respondent following his move from Pennsylvania to Illinois in 1978) proposed to rescind the respondent's adjustment of status. The basis for this action was that, contrary to the statement in the notice granting the respondent's section 212(e) waiver, the State Department had recommended that the waiver be *denied*; this rendered the waiver approval erroneous and invalid, with the result that the respondent was ineligible for adjustment. The respondent then requested a hearing before the immigration judge. *See* 8 C.F.R. § 246.3 (1985). The rescission hearing commenced on October 7, 1981, and was concluded on February 2, 1982. Introduced into evidence at the hearing was a Form I-613 (Request for State Department Recommendation—Section 212(e) Waiver), which reflects that on June 28, 1978, the State Department in fact recommended that the respondent's section 212(e) waiver application be denied. Other evidence of record shows that the Service (both in Chicago and Philadelphia) thoroughly checked the respondent's records and found no evidence of a favorable State Department recommendation. The immigration judge concluded that, absent this legally required favorable recommendation, the respondent's section 212(e) waiver was erroneously granted and the respondent was thus ineligible for adjustment of status. Accordingly, she ordered the respondent's adjustment rescinded.

Before the immigration judge, and now again on appeal, the respondent has raised three arguments. First, he contends that his waiver under section 212(e) of the Act based on "exceptional hardship" does not require the favorable recommendation of the State Department. After setting forth the general applicability of the 2-year foreign residence requirement, this section provides for waiver of that requirement in certain limited instances, the pertinent one here being as follows:

> That upon the favorable recommendation of the Secretary of State, pursuant to the request of an interested United States Government agency, or of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawfully resident alien), . . . the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest.

The respondent contends that the first phrase of this provision should be read to require merely the favorable recommendation of *either* the Secretary of State *or* the Commissioner of the immigration and Naturalization Service. Inasmuch as the Service favorably recommended the waiver based upon its finding of exceptional hardship to the respondent's wife, the respondent asserts this was sufficient under the statute to render the section 212(e) waiver approval fully valid. We disagree.

The apparent ambiguity in this provision of section 212(e) has long been recognized. *See* 2 C. Gordon & H. Rosenfield, *Immigration Law and Procedure* § 6.8h(3) (rev. ed. 1984). Nevertheless, "the administrative authorities have always read [the statute] as requiring a favorable recommendation of the Secretary of State following the like recommendation of the Commissioner." *Id.* at 6–72; *see also id.* at § 6.8h(6). For example, 8 C.F.R. § 212.7(c)(10) (1985) provides that where the district director denies a section 212(e) waiver application, "no appeal shall lie from the denial of an application for lack of a favorable recommendation from the Secretary of State," thereby implicitly acknowledging the necessity of such recommendation. *See also* Immigration and Naturalization Service Operations Instructions 212.8(e)(2); 22 C.F.R. §§ 514.31, 514.32 (1985); and predecessor provisions 22 C.F.R. §§ 63.6, 63.7 (1972) and 22 C.F.R. §§ 63.31, 63.32 (1978). Furthermore, as early as at least 1965 the Service held that the favorable recommendation of the Secretary of State is a necessary prerequisite to the grant of an exceptional hardship waiver under section 212(e). *Matter of Tran*, 11 I&N Dec. 395 (D.D. 1965). This view is fully consonant with the legislative history of section 212(e), as comprehensively analyzed and discussed by the court in *Silverman* v. *Rogers*, 437 F.2d 102, 105–07

(1st Cir. 1970), *cert. denied*, 402 U.S. 983 (1971). Finally, every court which has squarely addressed the precise statutory construction argument advanced by the respondent herein has concluded that the favorable recommendation of the State Department is essential to the approval of an application for waiver of the 2-year foreign residence requirement based on the ground of exceptional hardship. *Silverman* v. *Rogers, supra; Nwankpa* v. *Kissinger*, 376 F. Supp. 122 (M.D. Ala. 1974), *aff'd*, 506 F.2d 1054 (5th Cir. 1975); *see also Mendez* v. *Major*, 340 F.2d 128, 130 (8th Cir. 1965) (dictum); *Nayak* v. *Vance*, 463 F. Supp. 244 (D.S.C. 1978) (dictum); *Gras* v. *Beechie*, 221 F. Supp. 422, 423 (S.D. Tex. 1963) (dictum). We concur with this long-standing administrative interpretation and judicial case law and therefore conclude the respondent's argument to the contrary is without merit. Accordingly, it necessarily follows that the district director's approval of the respondent's waiver application, despite the negative recommendation by the State Department, was improper and invalid.

The respondent's second contention is that the Service must first rescind the section 212(e) waiver approval as a "condition precedent" to bringing rescission proceedings. We disagree. Preliminarily, the fact that the district director instituted these rescission proceedings demonstrates he has concluded the respondent's section 212(e) waiver was erroneously approved due to lack of the requisite favorable State Department recommendation. Had he instead reached this conclusion in some sort of proceeding to revoke the section 212(e) waiver approval, the respondent would have had no recourse to challenge such action inasmuch as 8 C.F.R. § 212.7(c)(10) (1985) allows no appeal from a section 212(e) waiver denial based on lack of the requisite State Department recommendation. In effect, such a revocation would be unilateral on the district director's part, preliminary to his institution of section 246 rescission proceedings, and it thus makes no sense to suggest that the absence of any such automatic "condition precedent" would operate to the respondent's detriment. More importantly, while the Act does authorize revocation of approved visa petitions (section 205, 8 U.S.C. § 1155 (1982)) and the rescission of adjustment of status (section 246), there in fact exists *no* statutory or regulatory provision for reversing the prior approval of a section 212(e) waiver. Consequently, if the respondent were correct in asserting that a condition precedent to section 246 rescission is the revocation of the section 212(e) waiver, but yet no such revocation is authorized, then the Government would be powerless to take any action to undo the erroneous approval of the section 212(e) waiver and resulting adjustment of status. Such an anomalous result is clearly unwarrant-

ed. Finally, section 246 of the Act provides simply that if within 5 years of a person's adjustment of status "it shall appear to the satisfaction of the Attorney General that the person was not in fact eligible for such adjustment of status, the Attorney General shall rescind the action taken granting an adjustment of status to such person. . . ." This statute and the applicable regulations [1] set no preconditions for rescission but contemplate full authority in the section 246 proceedings to determine the propriety of an alien's original adjustment and to make an appropriate disposition. In view of all the foregoing, we conclude that a preliminary revocation of the approved section 212(e) waiver was not a prerequisite to the commencement of section 246 rescission proceedings and the immigration judge correctly determined in those proceedings that the section 212(e) waiver was approved in error.[2]

The respondent's last argument is that, if the Philadelphia district director erroneously approved the section 212(e) waiver, then the Government should be estopped from rescinding his adjustment of status because of his detrimental reliance on that action. Assuming arguendo that the Board has authority to even invoke estoppel against the Government, the district director's conduct here does not support application of the estoppel doctrine. The Supreme Court has left unanswered the question whether, in some circumstances, the Government may be estopped by the "affirmative misconduct" of its employees. See INS v. Miranda, 459 U.S. 14 (1982); Schweiker v. Hansen, 450 U.S. 785 (1981); INS v. Hibi, 414 U.S. 5, 8–9 (1973); Montana v. Kennedy, 366 U.S. 308, 314–15 (1961). Whatever the resolution of that question, it is clear that no such "affirmative misconduct" exists under the circumstances of this case. For example, in Schweiker v. Hansen, supra, a Government employee misadvised Hansen regarding certain eligibility requirements for social security benefits and breached his duty to encourage her to file a written application for benefits for which she was eligible. Nevertheless, the Supreme Court concluded that such conduct fell "far short" of that which might require estoppel and did

---

[1] See, e.g., 8 C.F.R. § 246.4 (1985), to wit, the immigration judge "shall have authority to . . . determine whether adjustment of status shall be rescinded . . . and to take *any other action* consistent with applicable provisions of law and regulations *as may be appropriate to the disposition of the case.*" (Emphasis added.)

[2] It is interesting to note that the result in *Matter of Samedi*, 14 I&N Dec. 625 (BIA 1974), implicitly undercuts the respondent's argument herein. Samedi's adjustment was rescinded on the ground that he was not entitled to the immediate relative classification which formed the basis of his eligibility for adjustment of status; this action was taken directly in the rescission proceedings *without* any preliminary revocation of the immediate relative visa petition and despite the existence of section 205 of the Act which authorizes such visa petition revocation.

not amount to affirmative misconduct. Moreover, this equitable relief should not be applied to accord the respondent a benefit for which he clearly was not eligible. As the Court stated in *INS* v. *Miranda, supra,* at 18, it is "clear that neither the Government's conduct nor the harm to the respondent is sufficient to estop the Government from enforcing the conditions imposed by Congress for residency in this country." *See also Akbarin* v. *INS,* 669 F.2d 839, 844 (1st Cir. 1982); *Dong Sik Kwon* v. *INS,* 646 F.2d 909 (5th Cir. 1981); *Montilla* v. *United States,* 457 F.2d 978, 986–87 (Ct. Cl. 1972); *Matter of Polanco,* 14 I&N Dec. 483 (BIA 1973). Here, the respondent's eligibility for permanent residence was conditioned upon his obtaining a section 212(e) waiver, which in turn was available to him only upon receiving the favorable State Department recommendation mandated by Congress. Therefore, consistent with *Miranda,* the district director's action approving the section 212(e) waiver in excess of his authority cannot operate to estop the Government from enforcing the congressionally imposed residence requirements of sections 212(e) and 245 of the Act. Accordingly, the respondent's estoppel argument is without merit.

In conclusion, we affirm the immigration judge's determination that the respondent was ineligible for adjustment of status due to the absence of a favorable recommendation of the State Department and resulting invalidity of the waiver under section 212(e) of the Act. Therefore, the immigration judge properly ordered the respondent's adjustment of status rescinded.

**ORDER:** The appeal is dismissed.