## MATTER OF HOSSEINIAN

### In Visa Petition Proceedings

### A-22664984

*Decided by Board August 25, 1987*

A foreign divorce is not recognized as valid under California law if both parties to the marriage were domiciled in California at the time the divorce proceeding was commenced. *Matter of Kurtin*, 12 I&N Dec. 284 (BIA 1967), overruled.

ON BEHALF OF PETITIONER: Rafael A. Rose, Esquire
9107 Wilshire Boulevard, Suite 701
Beverly Hills, California 90210

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The United States citizen petitioner applied for immediate relative status for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b) (1982). In a decision dated April 8, 1985, the district director denied the petition but certified his decision to the Board for review pursuant to 8 C.F.R. § 3.1(c) (1985). The decision of the district director will be affirmed.

The petitioner is a 39-year-old native of Hungary and citizen of the United States. The beneficiary is a 38-year-old native and citizen of Iran. A marriage certificate submitted with the visa petition indicates that the petitioner and the beneficiary were married in California on May 29, 1983. The record also reflects that the petitioner has two prior marriages. To show the legal termination of these marriages, the petitioner submitted divorce decrees purporting to terminate each of them. One divorce decree, dated November 23, 1978, was issued by a Hungarian court. This decree states that a marriage entered into by the petitioner and her first husband in Hungary on September 14, 1968, was dissolved with the agreement of both parties. According to the decree, both the petitioner and her first husband were then residing in Los Angeles and were represented in court by Hungarian attorneys. The other decree is a

May 16, 1983, final judgment of dissolution of marriage issued by a California court.

Also contained in the record is a March 15, 1984, letter to the Immigration and Naturalization Service from the European Law Division of the Law Library of the Library of Congress, which states that the petitioner's Hungarian divorce is valid under Hungarian law. It is pointed out that no law in Hungary requires the parties to a divorce to appear personally before the court if they are represented by a duly authorized attorney, unless the court finds it necessary to hear their testimony. The letter also states that the Hungarian court had jurisdiction over the proceedings because under Hungarian law the parties remained citizens of Hungary even if they acquired citizenship from another country.

The district director noted in his decision that the Board has held that, pursuant to section 1915 of the California Code of Civil Procedure, California allows for recognition of divorces rendered by a tribunal of a foreign country if the tribunal had jurisdiction according to the laws of that country. See Matter of Kurtin, 12 I&N Dec. 284 (BIA 1967). The district director also pointed out, however, that in 1974, subsequent to the Board's decision in Kurtin, the State of California repealed section 1915 of the California Code of Civil Procedure. See 1974 Cal. Stat., ch. 211, § 6. The district director further determined that the petitioner's Hungarian divorce would not be recognized under California law. He accordingly denied the instant visa petition on the ground that the petitioner had a prior marriage which had not been terminated and therefore had failed to show that she was legally eligible to enter into her marriage with the beneficiary.

The petitioner objects to the reliance on state law to determine whether her foreign divorce would be recognized and suggests that the issue of recognition be resolved by application of a uniform federal standard. She further contends that the Service should be estopped from refusing to recognize her Hungarian divorce as valid because its validity has already been acknowledged by the granting of a previous visa petition filed by the petitioner for a different beneficiary. The petitioner argues that she detrimentally relied on the Service's prior acceptance of her Hungarian divorce by filing the instant petition without the assistance of counsel.

Section 201(b) of the Act provides for the granting of immediate relative status to the spouse of a citizen of the United States. Where a petition is filed on behalf of an alien spouse, it must be accompanied by a certificate of marriage to the beneficiary and proof of the legal termination of all previous marriages of both the petitioner and the beneficiary. See 8 C.F.R. § 204.2(c)(2) (1987).

We reject the petitioner's argument that the validity of her marriage to the beneficiary should be determined by a uniform federal standard. The petitioner cites no authority in support of her argument and gives no indication of the way in which such a federal standard would be formulated. The well-established rule is that it is the function of the state to determine how its residents may enter into the marital relationship. *See Loughran v. Loughran*, 292 U.S. 216 (1934); *Maynard v. Hill*, 125 U.S. 190 (1888); *United States v. Seay*, 718 F.2d 1279 (4th Cir. 1983), *cert. denied*, 467 U.S. 1226 (1984); *United States v. Sacco*, 428 F.2d 264 (9th Cir.), *cert. denied*, 400 U.S. 903 (1970). Therefore, the validity of a marriage for immigration purposes is generally governed by the law of the place of celebration of the marriage. *Adams v. Howerton*, 673 F.2d 1036 (9th Cir.), *cert. denied*, 458 U.S. 1111 (1982); *Matter of Luna*, 18 I&N Dec. 385 (BIA 1983); *Matter of Bautista*, 16 I&N Dec. 602 (BIA 1978); *Matter of Arenas*, 15 I&N Dec. 174 (BIA 1975); *Matter of P-*, 4 I&N Dec. 610 (BIA, Acting A.G. 1952). Where one of the parties to a marriage has a prior divorce, we look to the law of the state where the subsequent marriage was celebrated to determine whether or not that state would recognize the validity of the divorce. *Matter of Ma*, 15 I&N Dec. 70 (BIA 1974).

As the marriage between the petitioner and the beneficiary was celebrated in California, the issue before us is whether the petitioner's divorce in Hungary would be recognized as valid under California law. In *Matter of Kurtin, supra*, we referred to section 1915 of the California Code of Civil Procedure and found that California would recognize as valid a Yugoslav divorce decree granted in absentia to two nationals of Yugoslavia, where the Yugoslav court had jurisdiction over the parties under Yugoslav law. As noted by the district director, however, section 1915 of the California Code of Civil Procedure was repealed in 1974. Accordingly, we withdraw from the holding in *Kurtin* as to the applicable law in the State of California.

We now hold that the controlling California law on the facts before us is found in the sections of the California Civil Code which provide as follows:

§ 5001. A divorce obtained in another jurisdiction shall be of no force or effect in this state, if both parties to the marriage were domiciled in this state at the time the proceeding for the divorce was commenced.

§ 5002. Proof that a person hereafter obtaining a divorce from the bonds of matrimony in another jurisdiction was (a) domiciled in this state within 12 months prior to the commencement of the proceeding therefor, and resumed residence in this state within 18 months after the date of his departure therefrom, or (b) at all times after his departure from this state and until his return maintained a place

of residence within this state, shall be prima facie evidence that the person was domiciled in this state, when the divorce proceeding was commenced.

Cal. Civil Code §§ 5001–5002 (West 1983) (effective Jan. 1, 1970).[1] The divorce decree from the Hungarian court specifically states that both the petitioner and her first husband were residing in Los Angeles at the time the judgment was entered. Thus, it is clear that California would refuse to recognize the Hungarian decree, despite the fact that it is valid under Hungarian law, because both parties were domiciled in California at the time of the foreign divorce proceeding. *See Lee v. Commissioner of Internal Revenue*, 550 F.2d 1201 (9th Cir. 1977); *In re Atherley's Estate*, 44 Cal. App. 3d 758, 119 Cal. Rptr. 41 (1975).

In visa petition proceedings, the burden is on the petitioner to establish eligibility for the benefit sought. *See Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966). The petitioner has neither shown that her Hungarian divorce is valid under the law of California, which denies recognition to foreign divorces granted to two domiciliaries of California, nor has she rebutted the information in the Hungarian divorce decree indicating that she and her first husband were residents of California at the time the judgment was entered. Because the petitioner has not established that her first marriage was legally terminated, she has not established that she had the capacity to marry the beneficiary. Her marriage to the beneficiary, therefore, is deemed invalid for immigration purposes.

We find no merit in the petitioner's contention that the Service should be estopped from refusing to recognize her Hungarian divorce as valid because its validity has already been acknowledged by the granting of a previous visa petition filed by the petitioner for a different beneficiary. Evidence regarding the visa petition filed for this other beneficiary is not before us. Even assuming, however, that a previous visa petition was erroneously granted by the Service, it is not clear that estoppel will lie against the Government in immigration cases. *See Heckler v. Community Health Services*, 467 U.S. 51 (1984); *INS v. Miranda*, 459 U.S. 14 (1982); *Matter of Tuakoi*, 19 I&N Dec. 341 (BIA 1985). Further, even if estoppel is applicable against the Government, the petitioner has failed to show the elements necessary for equitable estoppel. In order to show estoppel, the petitioner must prove that an action by the Government or its agent constituted affirmative misconduct, that she

---

[1] Section 5004 of the California Civil Code limits the application of sections 5001 and 5002 by the requirement of the Constitution of the United States that full faith and credit be given in each state to the public acts, records, and judicial proceedings of every other state. As the case before us involves a divorce proceeding of a foreign country, however, the full faith and credit clause is not applicable.

reasonably relied on the action or representation of the Government, and that she was prejudiced thereby. *See Heckler* v. *Community Health Services, supra.*

We do not find the failure of the Service to detect an invalid termination of a prior marriage to constitute "affirmative misconduct." *See Mukherjee* v. *INS,* 793 F.2d 1006 (9th Cir. 1986); *see also Matter of Tayabji,* 19 I&N Dec. 264 (BIA 1985) (a district director's approval of an alien's application for a waiver under section 212(e) of the Act, 8 U.S.C. § 1182(e) (1982), in excess of his authority); *Matter of Morales,* 15 I&N Dec. 411 (BIA 1975) (the Service's erroneous approval of a visa petition); *Matter of Polanco,* 14 I&N Dec. 483 (BIA 1973), and *Matter of Khan,* 14 I&N Dec. 397 (BIA 1973) (immigration inspectors' admission of inadmissible aliens). In addition, it does not appear that the petitioner has been prejudiced by her reliance on the Government's erroneous action, as she received the benefit of conferring status on a prior spouse who was not entitled to an immigrant visa. Further, her position has not been adversely affected simply because she anticipated no problems with the instant petition and therefore filed it without the assistance of counsel. The petition was denied as a matter of law. Had the application been filed by an attorney, the validity of the petitioner's prior divorce would still have been the determinative issue. Moreover, we note that the petitioner is currently represented by counsel, who submitted a rebuttal to the district director's decision.

Accordingly, the decision of the district director will be affirmed.

**ORDER:** The decision of the district director is affirmed.