# MATTER OF GORDON

## In Deportation Proceedings

## A-35355155

### *Decided by Board May 25, 1989*

(1) An alien in deportation proceedings who was found deportable but was granted a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1982), returns to the same lawful permanent resident status that he previously held.

(2) Notwithstanding the respondent's conviction for a crime committed after a grant of a waiver of inadmissibility, his grant may not be subsequently withdrawn for that reason in a reopened deportation proceeding; the Immigration and Naturalization Service must initiate new deportation proceedings in order to have the immigration judge consider evidence of subsequent criminal activity by the respondent.

(3) While section 212(c) of the Act does not expressly or implicitly provide for revocation or rescission of a grant of a waiver of inadmissibility or a conditional grant of a waiver, an immigration judge may nevertheless reopen proceedings and reconsider his own decision to grant a waiver if he believes that the waiver was erroneously granted in the first instance.

CHARGE:

Order: Act of 1952—Sec. 241(a)(4) [8 U.S.C. § 1251(a)(4)]—Crimes involving moral turpitude

Lodged: Act of 1952—Sec. 241(a)(1) [8 U.S.C. § 1251(a)(1)]—Excludable at entry under section 212(a)(19) [8 U.S.C. § 1182(a)(19)]—Fraud or willful misrepresentation of a material fact

ON BEHALF OF RESPONDENT:  
David Iverson, Esquire  
P.O. Box 8329  
St. Thomas, U.S. Virgin Islands 00801

ON BEHALF OF SERVICE:  
Hans Burgos-Gandia  
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

This is an appeal from the decision of an immigration judge dated December 5, 1988, in which he found the respondent deportable under section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4) (1982), denied his application for a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1982), and ordered him deported from the United States to Tortola, British Virgin Islands. The respondent's appeal will be sustained.

The respondent is a 32-year-old native of Tortola, British Virgin

Islands, and a citizen of the United Kingdom. He was admitted to the United States on June 28, 1977, as a lawful permanent resident. Thereafter, on June 20, 1986, the Immigration and Naturalization Service instituted deportation proceedings against him by the issuance of an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S). The Order to Show Cause alleged, inter alia, that the respondent had been convicted on December 28, 1978, in the Magistrate's Court of Tortola, Colony of the British Virgin Islands, of robbery. He was sentenced to 3 months' imprisonment and ordered to pay restitution for the value of the stolen property. The Order to Show Cause further alleged that the respondent was also convicted on April 3, 1979, in the same court, of receiving stolen property. This time he was sentenced to 4 months' imprisonment with hard labor. Based on these convictions, the Service charged the respondent with deportability under section 241(a)(4) of the Act, as an alien who at any time after entry was convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct.

At a deportation hearing conducted on June 8, 1987, the Service presented certified true copies of the judgment orders rendered against the respondent in the Magistrate's Court of Tortola. We find, as did the immigration judge, that deportability under section 241(a)(4) of the Act was established by clear, unequivocal, and convincing evidence. *See Woodby v. INS*, 385 U.S. 276 (1966); 8 C.F.R. § 242.14(a) (1988).[1] The respondent applied for a waiver of inadmissibility under section 212(c) of the Act. After a hearing on the merits of the application, the immigration judge granted the respondent a section 212(c) waiver, finding that he had demonstrated strong family ties in the United States, and that his equities outweighed the negative factors in the record. The immigration judge further concluded that the respondent's criminal activity appeared to have ceased, thus indicating rehabilitation on his part. *Matter of Marin*, 16 I&N Dec.

---

[1] On December 8, 1986, the Service lodged an additional charge of deportability against the respondent under section 241(a)(1) of the Act, alleging that he was excludable at the time of entry under section 212(a)(19), as an alien who procured a visa or entry into the United States by fraud or willful misrepresentation of a material fact. The Service alleged that the respondent falsely stated in his visa application that he had never been convicted of a crime involving moral turpitude, when in fact he had been convicted of burglary in 1976. The immigration judge heard testimony with regard to this issue and concluded that the respondent did not make a deliberate attempt to hide his criminal record. Indeed, a police report reflecting the respondent's burglary conviction was attached to his original application for a visa and was available for inspection to the American consular officer who interviewed the respondent. The immigration judge thus concluded that the respondent did not procure his visa by fraud, and therefore the charge of deportability under section 241(a)(1) of the Act had not been sustained. The Service did not appeal this determination.

581 (BIA 1978). The Service did not appeal this decision and it became final on June 18, 1987. 8 C.F.R. §§ 3.37, 242.21 (1987).

A year later, on August 15, 1988, the Service filed a motion to reopen the respondent's deportation proceedings. As good cause for the motion to reopen, the Service submitted evidence that the respondent had been convicted on March 13, 1987, in the Territorial Court of St. Thomas, the Virgin Islands, of assault. He was sentenced to 30 days' imprisonment, fined $50, and placed on probation for 1 year.[2] The Service further submitted evidence that the respondent had been convicted on February 3, 1988, in the District Court of the Virgin Islands, of first degree assault. He was sentenced to 5 years' imprisonment.

According to the Service, the respondent's 1988 assault conviction constitutes clear evidence of his lack of rehabilitation. Therefore, the Service argued, the grant of the section 212(c) waiver, which was based in part on a finding of rehabilitation, should be revoked, and the respondent should be ordered deported from the United States. The immigration judge granted the Service's motion to reopen on August 31, 1988, and a new deportation hearing was conducted on December 5, 1988. At the deportation hearing, the immigration judge concluded, based on the new convictions, that the respondent was not rehabilitated after all, and therefore a waiver should not have been granted. The immigration judge denied the original application for waiver and ordered the respondent deported from the United States to Tortola, British Virgin Islands. This appeal followed.

The issue in this case is whether a grant of a waiver of inadmissibility under section 212(c) of the Act may be subsequently withdrawn, pursuant to a motion to reopen deportation proceedings, based on evidence of renewed criminal activity.

The Service contends on appeal that an immigration judge may, upon motion by the trial attorney, reopen or reconsider any case in which he has made a decision, unless jurisdiction in the case has vested in the Board. 8 C.F.R. § 242.22 (1988). A motion to reopen may be granted by the immigration judge if he is satisfied that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the hearing. 8 C.F.R. § 242.22 (1988). The Service points out that 8 months after being granted a waiver, the respondent was again convicted of assault. This new conviction is material to the issue of rehabilitation and was unavailable at the time of the hearing. Had this evidence been before the immigration judge previously, he would not have granted the

---

[2] This assault conviction occurred 3 months prior to the respondent's first deportation hearing. It was apparently not part of the record at that time and not considered by the immigration judge in his decision to grant section 212(c) relief.

respondent a waiver of inadmissibility in the exercise of discretion. The Service therefore argues that reopening was justified. The Service further argues that once deportation hearings are reopened, an immigration judge may withdraw a grant of section 212(c) relief based on a subsequent conviction. We do not agree.

Section 212(c) of the Act provides as follows:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraphs (1) through (25) and paragraphs (30) and (31) of subsection (a).

We note initially that the language of section 212(c) of the Act does not contain a provision for the revocation or rescission of a prior grant of a waiver of inadmissibility. *Compare* section 212(c) *with* section 205 of the Act, 8 U.S.C. § 1155 (1982), *and* section 246 of the Act, 8 U.S.C. § 1256 (1982). Neither does the language of section 212(c) contain any express provision for a conditional grant of a waiver. *Compare* section 212(c) *with* sections 212(g) and (h) of the Act *and Matter of Mascorro-Perales*, 12 I&N Dec. 228, 231 (BIA 1967) (the section 212(h) waiver was intended to be conditioned upon the future good behavior of an alien and could be revoked if any subsequent crime was committed). Indeed, this Board has specifically rejected the practice of conditional grants of section 212(c) waivers. Instead, we held that such relief should be granted unconditionally as to the grounds of inadmissibility specified where an alien establishes that such relief is warranted. *Matter of Pryzgocki*, 17 I&N Dec. 361 (BIA 1980).[3]

A grant of a waiver of inadmissibility under section 212(c) of the Act fully returns an alien to the same lawful permanent resident status previously held. *Matter of Przygocki, supra.* Once a waiver of inadmissibility is granted with respect to certain crimes, deportation proceedings must be initiated anew to consider subsequent criminal offenses. The immigration judge in this case conducted a full hearing on the merits of the respondent's application for section 212(c) relief and concluded that, despite his clear deportability, the respondent merited such relief in the exercise of discretion. This grant of section 212(c) relief restored the respondent to his previous status of that of alien lawfully admitted for permanent residence. The waiver did not

---

[3] The predecessor provision of section 212(c) of the Act (the seventh proviso to section 3 of the 1917 Immigration Act) contained specific language authorizing conditional grants of relief. These conditions were ordinarily in the form of warnings to the alien to remain a person of good moral character and to not commit any more offenses in the future. *Matter of G-Y-G-*, 4 I&N Dec. 211 (BIA 1950; Acting A.G. 1951); *Matter of S-*, 4 I&N Dec. 180 (BIA, Acting A.G. 1951). The seventh proviso was superseded by section 212(c) of the Act, which contains no language authorizing conditional grants.

carry with it the condition that if the respondent were convicted of another crime in the future, he would be subject to deportation on the same grounds already waived. Reopening may not serve as the vehicle by which subsequent crimes are considered after a section 212(c) waiver has been granted. To allow this would be to leave the alien in a tenuous state indefinitely, without the benefit of the procedural safeguards afforded in a new deportation hearing.

We note that although the respondent cannot again be charged with deportability based on the same criminal convictions already waived, his prior crimes do not completely disappear from the record for immigration purposes. The respondent, for example, has now become deportable because of an additional crime involving moral turpitude, which can serve as the basis for a new Order to Show Cause in conjunction with a prior crime involving moral turpitude. *See Matter of Mascorro-Perales, supra.* The prior convictions may also be considered by the immigration judge in a new deportation hearing with respect to issues of rehabilitation and discretion.

We do not by this decision interfere with the immigration judge's inherent power to reopen and reconsider his own decisions where a section 212(c) waiver was erroneously granted in the first instance, for example, because the respondent was not statutorily eligible for such relief, or because the relief was granted without the benefit of certain material information which was not previously available. *Cf. Matter of Tayabji,* 19 I&N Dec. 264 (BIA 1985). In this case, for example, the respondent was convicted of assault in March 1987, 3 months prior to his first deportation hearing. Yet at the hearing, the respondent denied having been charged with or convicted of any crimes in the Virgin Islands, other than a burglary conviction in 1978. Had reopening been predicated upon material misrepresentations made by the respondent in conjunction with the procurement of discretionary relief, reopening might have been justified.

We conclude that a grant of section 212(c) relief serves to preserve the respondent's lawful permanent resident status in the United States notwithstanding the specified offenses found by the immigration judge to render the respondent deportable. Any subsequent criminal or immigration violations must be addressed within the context of new deportation proceedings pursuant to a new Order to Show Cause. The grant of a waiver under section 212(c) of the Act may not be conditioned upon the future good behavior of an alien. Reopening to consider subsequent crimes was therefore not justified in this case. Accordingly, the respondent's appeal is sustained.

**ORDER:** The appeal is sustained.