**Pedro Juan TAVARES, Petitioner,**

v.

**Charles MEYERS, Immigration & Naturalization Services, Passaic County Jail; Frank Lott, District Director for I.N.S.; Tom Ridge, D.H.S. Secretary; James W. Ziglar, I.N.S. Commissioner; Michael Mukasey, Attorney General,[1] Respondents.**

No. 05–5495–ag.

United States Court of Appeals, Second Circuit.

Dec. 20, 2007.

Pedro Tavares, East Elmhurst, NY, pro se, for Petitioner.

Dimitri N. Rocha, Office of Immigration Litigation (Peter D. Keisler, Assistant Attorney General, Civil Division, Department of Justice; James E. Grimes, Senior Litigation Counsel, Office of Immigration Litigation, Department of Justice on the brief), Washington, DC, for Respondents.

PRESENT: JON O. NEWMAN, RICHARD J. CARDAMONE and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner Pedro Juan Tavares, a native and citizen of the Dominican Republic, seeks review of an order of the Board of Immigration Appeals ("BIA"), affirming a decision of Immigration Judge ("IJ") Alan Vomacka that denied his application for relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) ("INA").[2] *See In re Tavares–Castillo, Pedro Juan,* No. A 14 888 062 (B.I.A. Mar. 31, 2004), *aff'g* No. A 14 888 062 (Immig. Ct. N.Y. City Dec. 23, 2003). We assume the parties' familiarity with the facts, the issues on appeal, and the procedural history.

We have previously noted that, where an alien seeks judicial review of his removal decision, issue exhaustion is a mandatory requirement. *See, e.g., Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 (2d Cir.2007); *Foster v. I.N.S.,* 376 F.3d 75, 77 (2d Cir.2004) (per curiam).

On appeal, Tavares claims that the IJ erred by cancelling a previous grant of section 212(c) relief in contravention of 8 C.F.R. § 1212.3(d) and *Matter of Gordon,* 20 I. & N. Dec. 52, 52 (B.I.A.1989) (holding that, when seeking cancellation of a previously granted waiver of inadmissibility under section 212(c) based on a subsequent conviction, the agency "must initiate new deportation proceedings in order to have the immigration judge consider evidence of subsequent criminal activity"). He further alleges that the former Immigration and Naturalization Service ("INS") contravened federal regulations by failing to serve him with a copy of its motion to withdraw its appeal of the IJ's original decision and remand this matter to the IJ for further consideration.

Respondents correctly observe that Tavares did not raise either of these issues in his appeal to the BIA. We conclude that, taking into account the facts of this case, an exception to the mandatory exhaustion rule is not necessary to prevent manifest injustice. *Cf. Zhong,* 480 F.3d at 107 n. 1.[3]

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

2.  Although section 212(c) has been repealed, this provision remains available under certain circumstances. *See, e.g., Khan v. Gonzales,* 495 F.3d 31, 33 n. 1 (2d Cir.2007).

3.  Tavares's first claim is clearly meritless, as Tavares himself acknowledges that the BIA never issued a final decision granting him section 212(c) relief. As to his second claim, Tavares has failed to assert—let alone to establish—that this alleged omission caused him any prejudice.

Accordingly, we decline to consider these claims.

Tavares also alleges that his due process rights were violated by the former Immigration and Naturalization Service's handling of his 1975 application for naturalization. We have considered the arguments Tavares raises with regard to this issue and find them to be without merit.

For the foregoing reasons, the petition for review is DISMISSED insofar as it raises issues that were not raised before the BIA and DENIED insofar as it challenges the former Immigration and Naturalization Service's handling of petitioner's 1975 application for naturalization.